[Civ. No. 6337. Fifth Dist. Aug. 25, 1981.]

RODMAN R. SCOTT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
TIME FIRE & CASUALTY COMPANY, Respondents.

COUNSEL

Rushing, Lyions & Anderson and Michael L. Lyions for Petitioner.

Brunn, Lacey & Thayer, Dale H. Thayer, Jensen, Gaarde & Brereton and Ralph E. Gaarde for Respondents.

OPINION

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

This court issued a writ of review, at the request of petitioner Rodman Scott, to consider an order of the Workers' Compensation Appeals Board (hereinafter Board) dated February 6, 1981. The order under review set aside an earlier finding that Scott was an "employee" of Mr. John Velthoen when Scott sustained an injury to his left knee on September 16, 1978; consequently, the Board ordered that Scott take nothing pursuant to his application for benefits.

For the reasons to be explained, we hold the Board exceeded its jurisdiction on February 6, 1981, in finding that Scott was not an "employee" of Velthoen at the time of his injury as defined by the workers' compensation law (Lab. Code, § 3351). Nevertheless, we also hold that respondent Time Fire & Casualty Company is not liable for payment of compensation benefits to Scott under the homeowner's comprehensive personal liability policy issued to Velthoen and in effect on the date of Scott's injury.

The rather protracted procedural history of the case is as follows.

On May 23, 1979, a hearing was held before a workers' compensation judge (WCJ). It was stipulated that only the following issues would be considered: employment, occupation, and whether the injury to Scott's knee arose in the course of employment; all other issues were deferred. The WCJ received inter alia the following evidence regarding Scott's conditions of employment. Mr. Velthoen hired Mr. Scott to assist in building a personal home for Velthoen; Scott was to install some "sandwich panels" for the walls and place roof trusses. While Scott was doing this work on September 16, 1978, he injured his left knee. Scott testified he was to be paid an hourly wage and he received two paychecks totalling $480 from Velthoen for the work. The WCJ thereafter entered a finding of fact and order on July 19, 1979, to the effect that Scott's knee injury arose out of and in the course of his employment as a carpenter by John Velthoen, uninsured. The July 19th order provided that all other issues were deferred.

Although the WCJ had rejected the employer's contention that Scott was an independent contractor, rather than an employee, the employer Velthoen did not petition the Board for reconsideration of the July 19th order.

Time Fire & Casualty Company was thereafter joined as a defendant. A hearing was held before the WCJ on May 5 and August 25, 1980, to determine the issue of compensation insurance coverage. At these hearings, the WCJ received inter alia the following evidence: Velthoen purchased a homeowner's liability insurance policy issued by Time Fire & Casualty Company for a property Velthoen owned on Palendale Road in Modesto. The policy was issued September 23, 1975, for the period of three years subject to payment of annual premiums. Velthoen later sold that property and purchased another on Costner Road, on which he planned to build a home. Velthoen notified his insur-

ance agent of this change in March 1978, and the new property was added to the policy. Scott was injured September 16, 1978, while doing work on the home under construction on Costner Road.

Velthoen also testified that Scott had worked between 25 and 30 hours for him; Velthoen said that if Scott had not been injured when he was, he would have worked sufficient additional hours to total 50 or 60 hours. Scott testified he was paid $480 representing 48 hours work. According to Scott, he also was on the job site for an additional three to five hours doing inspection work for which he was not paid.

Based on this evidence, the WCJ issued an order on November 17, 1980. This order contained a finding that Insurance Code section 11590 extended compensation insurance coverage for the injury sustained by Scott.[1] The WCJ ordered that Time Fire & Casualty Company provide compensation coverage for Velthoen for Scott's injury.

The insurer thereafter filed a timely petition for reconsideration of the November 17th order finding coverage. The WCJ filed a report and recommendation that the petition for reconsideration be denied.

The Board thereafter granted reconsideration and rendered a decision on February 6, 1981. With respect to insurance coverage, the Board found that Time Fire & Casualty Company did provide a comprehensive policy of personal liability insurance in effect on the date of injury; however, the Board ordered that Scott take nothing by his application because he was not an "employee" of Velthoen within the workers' compensation law. The code sections which led the Board to that conclusion were Labor Code sections 3351, 3352 and 4151. Labor Code section 3351 provides that a person who meets the following definition is an "employee": ". . . every person in the service of an employer under any appointment or contract of hire . . . and includes:

"      .     .     .     .     .     .     .     .     .     .     .     .     .     .     .

---

[1]Insurance Code section 11590 provides: "Except as provided in Section 11591, no policy providing comprehensive personal liability insurance may be issued or renewed in this state on or after January 1, 1977, *unless it contains a provision for coverage against liability for the payment of compensation*, as defined in Section 3207 of the Labor Code, *to any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code.* Any such policy in effect on or after January 1, 1977, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein. However, such coverage shall not apply if any other existing, valid and collectible, workers' compensation insurance for such liability is applicable to the injury or death of such employee." (Italics added.)

"(d) Except as provided in subdivision (h) of Section 3352, any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of such owner or occupant."

Section 3352 at the time relevant to this action set forth the following exclusion: "(h) Any person defined in subdivision (d) of Section 3351 who was employed by such employer *for less than 52 hours during the 90 calendar days immediately preceding the date of the injury* ...." (Italics added.)

The Board concluded that because Scott had worked for less than 52 hours during the 90 days before the injury, he was excluded from the statutory definition of "employee" and from the benefit of the act. The Board also concluded that an election to cover Scott under Labor Code section 4151 was precluded because Scott came within the exclusion of section 3352, subdivision (h).

DISCUSSION

We first observe that the WCJ's order of July 19, 1979, that petitioner Scott's knee injury "arose out of and in the course of his employment as a carpenter by John Velthoen, uninsured," was a final order for purposes of Board reconsideration as authorized by the Labor Code section 5900 et seq. Finality of an order for the purpose of reconsideration may be defined as "the resolution of a current issue affecting the substantive rights of the parties, ..." (Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 10.3, pp. 322-323; *Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 534-535 [163 Cal.Rptr. 750].) **(1)** Because the employer Velthoen failed to petition for reconsideration within 20 days from the date of service of the order as authorized by Labor Code section 5903, the Board was without jurisdiction on February 6, 1981, to reconsider the question whether at the time of his injury Scott was Velthoen's "employee" within the broad meaning of the workers' compensation law. (See 1 Hanna, Cal. Law of Employee Injuries & Workmen's Compensation [hereinafter Hanna] (2d ed. 1981) § 7.02[4](b), p. 7-14.) ■ The Board, however, could determine the employment question on reconsideration of the November 17, 1980, order insofar as the employment related to the insurance coverage under the Time Fire & Casualty Company policy. As we shall

explain, the Board reached the correct result on this question but for the wrong reasons.

The Board ordered that Scott take nothing by way of compensation benefits under the homeowner's policy because he was excluded from coverage under Labor Code section 3352, subdivision (h) as a person "who was employed by such employer for less than 52 hours during the 90 calendar days immediately preceding the date of the injury . . . ." While this finding is factually correct, it is legally redundant.

The primary and correct issue before the Board on the petition for reconsideration was whether Scott was a "person defined as an employee by subdivision (d) of Section 3351 of the Labor Code" *as provided in Insurance Code section 11590* (fn. 1, *ante* at p. 983). As we have seen, Labor Code section 3351 defines "employee" as every person in the service of an employer under any appointment or contract of hire including "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling . . . or whose duties are personal and not in the course of the trade, business, profession, or occupation of such owner or occupant."

The persuasive fact is that Scott, who was employed by Velthoen as a carpenter to help in the construction of Velthoen's residence, did not qualify as a person whose duties were "incidental to" the ownership, maintenance, or use of the dwelling. The legislative history of section 3351, subdivision (d) shows it was intended to cover "casual employees" not in the course of the employer's trade, business or occupation such as household domestic servants, babysitters, and part-time gardeners. (See former Lab. Code, § 3352, subds. (a), (f), and (h) as set forth at Stats. 1970, ch. 982, p. 1752, § 1; and see generally 2 Hanna, *supra*, § 5.02[2](b), pp. 15-20—15-22.)

The building of a house cannot be deemed a casual or minor activity incidental to the ownership or use of the house; it is the essential prerequisite to the ownership and use of the house. Thus, the qualifying language of section 3351, subdivision (d) contemplates a completed dwelling or at least a building sufficiently completed to be occupied as a residence.[2]

---

[2]The exclusion provided by section 3352, subdivision (h) should not be construed to defeat the right to compensation benefits of those persons employed to assist an owner

In the case at bench, the dwelling had not been completed when Scott was injured; it was still under construction and had no roof. Therefore, as a matter of law Scott was not a person defined as an employee by section 3351, subdivision (d). This being so, Insurance Code section 11590 is inapplicable on its face.

## DISPOSITION

The matter is remanded to the Board with directions to reinstate the July 19, 1979, order that Scott's injury arose out of and in the course of his employment as a carpenter by John Velthoen, uninsured. The Board is further directed to dismiss respondent Time Fire & Casualty Company as a party to the compensation proceedings, because the comprehensive liability policy it issued to Velthoen does not provide workers' compensation coverage for Scott's injury under Insurance Code section 11590.

Hanson (P. D.), J., and Pettitt, J.,* concurred.

---

in the construction of a house. To do so would leave a vast number of workers unprotected by the workers' compensation law.

*Assigned by the Chairperson of the Judicial Council.