[L.A. No. 32046. Oct. 17, 1985.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
VIRGIL J. MEIER, Respondents.

COUNSEL

Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva and Robert A. La Porta for Petitioner.

Samuel E. Meredith and Goshkin, Pollatsek, Meredith & Lee as Amici Curiae on behalf of Petitioner.

Boone & Lampi, William R. Lampi and Charles Elwyn Karpinski for Respondents.

Mills, Lane & Drace and Jim D. Mills as Amici Curiae on behalf of Respondent Meier.

OPINION

**BROUSSARD, J.**—The workers' compensation appeals judge found that applicant Virgil J. Meier was an employee of Warren Chichester when injured and awarded compensation benefits. The Workers' Compensation Appeals Board denied reconsideration, and in this review proceeding the State Compensation Insurance Fund claims that the judge and board erred in concluding that the penultimate paragraph of Labor Code section 2750.5 required a determination that applicant was an employee and not an independent contractor.[1]

Chichester owns a small ranch which he works with his son. Wanting to construct a bedroom and a bath in the attic of his ranch house with a stairway providing access, Chichester approached Meier and discussed the project.

Meier submitted a bid on a sheet from a Pacific Structural Concrete scratch pad for $9,493, and the bid was accepted. The bid also provided that if Chichester's son worked on the job $7 per hour would be deducted from the bid price. While Meier testified that the bid was based on a figure of $15 per hour for his time, the bid included all labor and material and did not purport to be based on an hourly wage plus materials. Meier furnished

---

[1]Meier has also filed a personal injury action in the Superior Court of Mono County against Chichester. In that action, Chichester claims that compensation is the exclusive remedy. Chichester has appeared by separate counsel in this review proceeding and argues that Meier is an employee.

whatever plans were utilized, purchased and supplied all materials, and provided all tools used except that Chichester's son furnished his own hammer and nail apron. Meier hired another man to help with the work and paid him with a personal check. Neither Chichester nor his son controlled the manner in which the work was done.

Meier did not have a contractor's license or work under anyone else's license. Chichester did not ask whether he was licensed, and he did not say that he was not. He had held a general contractor's license for about eight years until 1969 when he went bankrupt. He thereafter did concrete work, carpentry, and job estimates. He did numerous jobs, and at one time was vice president of Pacific Structural Concrete. Using his brother's contractor's license, he built a home for Tony Leon, and Leon recommended him to Chichester.

While working on the remodeling job, Meier fell from a scaffold sustaining a broken neck which rendered him a quadriplegic.

Chichester and his son do most of the ranch work themselves without other employees. The son as an employee of the ranch business was covered by a workers' compensation policy issued by State Compensation Insurance Fund (State Fund). After the injury, an arrangement was made to pay premiums on Meier's salary. However, State Fund concluded Meier was an independent contractor, refunded the premiums, and ceased paying benefits.

At the hearing before the compensation judge, it was stipulated that the work being done by Meier at the time of injury required a contractor's license. The judge determined that under Labor Code section 2750.5 and the decision in *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 1033 [95 Cal.Rptr. 564], the defense of independent contractor was not available where a worker performing any function or activity for which a contractor's license was required did not have the requisite license. The judge also determined that Meier was not estopped to deny he had a license. In denying reconsideration, the board adopted the judge's determinations.

State Fund argues (1) that the penultimate paragraph of section 2750.5 is not applicable in workers' compensation proceedings, (2) that even if it has some applicability in such proceedings, it is only applicable where the worker is seeking independent contractor status and is not applicable where the worker seeks employee status, and (3) that an unlicensed worker who contracts with a homeowner to undertake remodeling requiring a contractor's

license without disclosing the lack of a license should be estopped to deny his status as an independent contractor.

## THE STATUTES

Divisions 4 and 4.5 of the Labor Code deal with workers' compensation. Section 3353, found in division 4, provides: "'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

Section 2750.5 is in division 3 of the Labor Code. Section 2700 which is also in that division was adopted in 1937. (Stats. 1937, ch. 90, p. 258.) It states: "The provisions of this division shall not limit, change, or in any way qualify the provisions of Divisions 4 and 4.5 of this code, but shall be fully operative and effective in all cases where the provisions of Divisions 4 and 4.5 are not applicable."

Labor Code section 2750.5 enacted in 1978 provides in its first paragraph for a rebuttable presumption affecting the burden of proof that a person for whom a license is required pursuant to chapter 9 (commencing with § 7000) of division 3 of the Business and Professions Code is an employee rather than an independent contractor. The section then provides for the factors which may rebut the presumption. They are listed in subdivisions (a), (b) and (c).

The last two paragraphs were not in the original bill but were added by amendment. The penultimate paragraph of Labor Code section 2750.5 provides: "In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status." The final paragraph as amended in 1979 (Stats. 1979, ch. 605, p. 1879), provides: "For purposes of workers' compensation law, this presumption is a supplement to the existing definition of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."[2] When originally enacted in 1978, the final paragraph con-

---

[2]Section 2750.5 provides: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status in-

tained the words "of Section 3353 of the Labor Code" instead of the words "of employees under Division 4 and Division 5." (Stats. 1978, ch. 1246, p. 4058.)[3]

## APPLICABILITY OF SECTION 2750.5

Three Court of Appeal cases have concluded that the penultimate paragraph of section 2750.5 is applicable in workers' compensation cases. In *Foss* v. *Anthony Industries* (1983) 139 Cal.App.3d 794 [189 Cal.Rptr. 31], a wrongful death action, the trial court concluded that section 2750.5 was applicable only to workers' compensation cases and was not applicable to

cludes satisfactory proof of these factors:

"(a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

"(b) That the individual is customarily engaged in an independently established business.

"(c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract.

"In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status.

"For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

[3]Chichester has requested that we take judicial notice of two documents. It is not entirely clear what the documents are. They are on the letterhead of the Assembly Committee on Labor, Employment and Consumer Affairs, Bill Lockyer, chairman. He was the author of the bills that became section 2750.5 and its subsequent amendment. If the documents are published official documents of the Legislature, there is no need for a motion, a citation would be sufficient. On the other hand, without knowing who prepared the documents and for what purpose, we are not in a position to grant the motion for judicial notice.

In any event the documents are not helpful in determining the effect of the last two paragraphs of the section. The first document, which appears to be prepared in connection with the original bill, does not mention the provision of the last two paragraphs, but refers only to subdivisions (a), (b) and (c). So far as appears the document may have been prepared before the final two paragraphs relating to unlicensed contractors and workers' compensation were added.

The second document which purports to relate to the subsequent amendment the following year says that it is a technical change to correct a reference error in the code section. The motion to take judicial notice is denied.

tort cases. Pointing out that Assembly Bill No. 3429 (1978 Reg. Sess.) which ultimately became the section did not refer to workers' compensation as originally introduced, the appellate court concluded that the section applies to both workers' compensation and tort cases. The court relied in part on section 2700. (139 Cal.App.3d at pp. 797-799.) (The court ultimately held that the penultimate paragraph could not be applied in the case before it because the paragraph made a substantive change in the law and was enacted between the accident and the trial.) (139 Cal.App.3d at pp. 799-800.)

In the second case, *Fillmore* v. *Irvine* (1983) 146 Cal.App.3d 649, 657 [194 Cal.Rptr. 319], the court also by way of dictum stated that section 2750.5 was applicable to workers' compensation cases. In that case, an unlicensed worker sought to recover on a contract for services, and the defendants claimed that the action was barred by Business and Professions Code section 7031 which precludes action by an unlicensed contractor to collect the agreed compensation or to foreclose a mechanics lien. The case held that the penultimate paragraph was not applicable to such cases. The court reasoned in part that to apply the penultimate paragraph to determine that the worker was an employee rather than a contractor would work an implied repeal of section 7031.

The third case, *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd. (Taylor)* (1983) 147 Cal.App.3d 1033 [95 Cal.Rptr. 564], like the instant case, involved a claim for workers' compensation, and the court held that the penultimate paragraph of section 2750.5 "means that no person who performs any work for which a contractor's license is required shall be found to be an independent contractor unless such person holds a valid contractor's license." (147 Cal.App.3d at p. 1037.) However, while the court affirmed an award of compensation benefits, it does not appear that the parties called section 2700 to the court's attention or argued that the penultimate paragraph of section 2750.5 should not be applied in workers' compensation cases.

■ We have concluded that section 2750.5, including the penultimate paragraph, must be interpreted as applying to workers' compensation cases. Although section 2700 states that the division is not applicable to workers' compensation but only to other matters, section 2700 was adopted in 1937, and the subsequent enactment and amendment of section 2750.5, including the last paragraph, show clearly that it was intended to have an effect in workers' compensation cases. The subsequently enacted special provision takes precedence over the general provision. (Code Civ. Proc., § 1859; *Agricultural Labor Relations Board* v. *Superior Court* (1976) 16 Cal.3d

392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].) The presence of a provision affecting workers' compensation in a division not intended to affect workers' compensation is clearly explained in the legislative history. While the bill when introduced may not have been intended to affect workers' compensation principles, it was thereafter amended so that the principles set forth in the bill would apply to workers' compensation cases.

Because of the express reference to workers' compensation in the last paragraph of section 2750.5, we cannot give effect to the language in section 2700 that the provisions of division 3 do not change the provisions of divisions 4 and 4.5. The language of the last paragraph of section 2750.5 in referring to the "presumption" is sufficiently broad to encompass the provisions of the penultimate paragraph. The code section establishes a rebuttable presumption, then sets forth in subdivisions (a), (b) and (c) a list of factors which must be satisfactorily proved to rebut the presumption, and then in the penultimate paragraph provides that in "addition to the factors contained in subdivisions (a), (b), and (c)," a required license is a condition of having independent contractor status. Thus, the penultimate paragraph establishes a fourth factor necessary to rebut the presumption.

It is true that as originally enacted, it could be plausibly argued that the final paragraph precluded use of the presumption in workers' compensation cases to deny independent contractor status where section 3353 would authorize a finding of such status. As originally enacted the final paragraph provided in part that the presumption "is not intended to lessen the coverage of Section 3353 of the Labor Code," the section defining independent contractor. The word "coverage" could be interpreted as meaning the exemption permitted for independent contractors. However, such a reading of the last paragraph of the section is not warranted in view of the 1979 amendment which makes clear that "coverage" refers to workers' compensation coverage, not exemption from such coverage. Whether the 1979 amendment be viewed as a technical change to clarify or as a substantive change, the 1978 language may not be used to change the clear meaning of the 1979 amendment.

The language of section 2750.5 thus makes clear that the presumption of employee status was intended to apply in workers' compensation cases. State Fund argues that to allow the unlicensed contractor workers' compensation based on the penultimate paragraph of section 2750.5 is to give him a windfall based on his unlawful conduct in working without a required license. At the outset, it seems questionable to categorize compensation for an injury as a windfall. In addition, denial of compensation benefits for

injuries is not one of the penalties specified by the Legislature for violation of the licensing statutes.

The fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings. When the person seeks to hire the services through a licensed independent contractor, it is reasonable to anticipate that the independent contractor will insure against the risk and that the cost of the insurance will be passed on as part of the price of the contract. Thus it is reasonable to exonerate the hirer of the independent contractor. However, when the person performing services for which a license is required is unlicensed, the likelihood that he will insure against the risk of injury and has included the insurance cost in the price of his contract is greatly reduced.

It is not unreasonable for the Legislature to conclude that effective implementation of a system of providing for workers' injuries requires liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license. Whether or not the hirer of the unlicensed contractor must be viewed as negligent in engaging in the hiring, it is apparent that the hirer has little expectation that the contractor will have compensation and liability insurance. While it may seem anomalous to hold that the hirer is liable for compensation only if the contractor lacks the required license, and that he would not be liable if the contractor were licensed, the justification is apparent in that the Legislature has sought to assure that both licensed and unlicensed contractors and their employees will have compensation should they be injured on the job.

State Fund also argues that application of the penultimate paragraph of section 2750.5 places an undue burden on homeowners who will be subject to workers' compensation if they hire unlicensed persons to do repairs. The weight to be given to this argument is unclear. Insurance Code section 11590 requires comprehensive personal liability insurance policies to contain a provision for compensation insurance for any person defined as an employee by subdivision (d) of section 3351 of the Labor Code.[4] Subdivi-

---

[4]Insurance Code section 11590 provides: "Except as provided in Section 11591, no policy providing comprehensive personal liability insurance may be issued or renewed in this state on or after January 1, 1977, unless it contains a provision for coverage against liability for the payment of compensation, as defined in Section 3207 of the Labor Code, to any person defined as an employee by subdivision (d) of Section 3351 of the Labor Code. Any such policy in effect on or after January 1, 1977, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein. However, such coverage shall not apply if any other existing, valid and collectible, workers' compensation insurance for such liability is applicable to the injury or death of such employee."

sion (d) includes in the definition of employee any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling or whose duties are personal and not in the course of the owner's trade, business, profession, or occupation. Thus, subdivision (d) is sufficiently broad as to encompass most situations where a homeowner or renter hires a plumber or carpenter to make repairs.[5]

However, subdivision (d) excepts from its coverage the provisions of subdivision (h) of section 3352. The latter section excludes certain persons from the definition of employee. Subdivision (h) excludes "[a]ny person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury . . . ."[6] Subdivision (h) excludes from coverage as an employee the plumber or carpenter licensed or not who worked less than the required 52 hours at the residence. If an unlicensed carpenter or plumber worked more than the 52 hours, he could recover compensation benefits but there would be coverage under a comprehensive personal liability insurance policy. It is only when the homeowner or renter employs an unlicensed contractor more than the 52 hours required *and* does not have homeowner's insurance or other comprehensive personal liability insurance that the alleged undue burden is imposed.

While obviously not all employers of injured unlicensed contractors will be able to resort to comprehensive personal liability insurance policies (see *Scott* v. *Workers' Comp. App. Bd.* (1981) 122 Cal.App.3d 979, 985 [176 Cal.Rptr. 267]), many homeowners may, and the existence of such insur-

---

[5]Labor Code section 3351 provides: "'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes:

". . . . . . . . . . . . . . . . . .

"(d) Except as provided in subdivision (h) of Section 3352, any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of such owner or occupant. . . ."

[6]Section 3352 provides: "'Employee' excludes: . . . (h) Any person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury for injuries as defined in Section 5411 or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of such disease or injury for injuries as defined in Section 5412, or who earned less than one hundred dollars ($100) in wages from such employer during the 90 calendar days immediately preceding the date of the injury for injuries as defined in Section 5411 or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of such disease or injury for injuries as defined in Section 5412."

ance significantly reduces the weight to be given to State Fund's argument that unsuspecting homeowners will be subject to an undue burden.

We conclude that the alleged undue burden is not sufficient to require us to disregard the plain language of section 2750.5 and that the penultimate paragraph of the section is applicable to workers' compensation cases whether or not the hirer of the independent contractor is engaged in business endeavors.

EFFECT OF THE PENULTIMATE PARAGRAPH OF SECTION 2750.5

State Fund urges that even assuming that the penultimate paragraph of section 2750.5 is applicable in workers' compensation cases, it is only applicable in cases where the unlicensed contractor is seeking status as an independent contractor and not where, as here, the contractor seeks to be an employee. State Fund points out that the phraseology of the provision is "any person . . . shall hold a valid contractors' license as a condition of having independent contractor status," and it argues that if the Legislature wanted to provide that unlicensed contractors could not be independent contractors in any case, it could have said so directly.

However, by stating that a license is a condition of the status, the Legislature has unequivocally stated that the person lacking the requisite license may not be an independent contractor. To require the Legislature to add a phrase such as "in all cases" or "in all circumstances" would be a redundancy. The purpose of determining whether a person is an employee or an independent contractor is ordinarily to determine the rights and liabilities of the hirer of the person. To adopt the position of State Fund would mean that the hirer of the unlicensed contractor would be liable to the compensation insurer for the premiums for workers' compensation coverage because in cases to recover the premiums the contractor is not seeking status as an independent contractor. But an injured contractor could not recover benefits because under State Fund's approach section 2750.5 would not be applicable when the injured contractor sought employee status. There is nothing to indicate that the Legislature intended to confer such a benefit on insurers, authorizing them to collect premiums for nonexistent insurance.

Section 2750.5 does not purport to punish unlicensed contractors and is not in a division providing for penalties. Rather, the section purports to determine status of persons as independent contractors or employees, and the language of the section does not reflect legislative intent that a contractor lacking the requisite license shall be an independent contractor for some purposes but not for others.

## ESTOPPEL

State Fund claims that Meier by failing to disclose that he was not licensed when he contracted for the job should be estopped to deny his status as an independent contractor. "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." (Evid. Code, § 623.) ▌ The essence of an estoppel is that the party to be estopped has by false language or conduct "led another to do that which he would not otherwise have done and as a result thereof that he has suffered injury." (*In re Lisa R.* (1975) 13 Cal.3d 636, 645 [119 Cal.Rptr. 475, 532 P.2d 123].) The existence of an estoppel is generally a question of fact, and the party relying on the estoppel must prove all of the elements. (*Romero* v. *Santa Clara County* (1970) 3 Cal.App.3d 700, 703 [83 Cal.Rptr. 758]; *Gaunt* v. *Prudential Ins. Co.* (1967) 255 Cal.App.2d 18, 23 [62 Cal.Rptr. 624]; 7 Witkin, Summary of Cal. Law (8th ed. 1974) p. 5352.)

In *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd. (Taylor), supra,* 147 Cal.App.3d 1033, 1038, the court held that in the absence of a representation that he was licensed there was no basis to estop the worker from establishing that he was unlicensed and, under section 2750.5, an employee.

Concluding that there was no estoppel, the compensation judge found that Meier at no time represented that he held a valid contractor's license and that there was no reliance on any such representation. The board adopted the finding and conclusion.

Moreover, State Fund has failed to establish that as a matter of law Chichester was misled and would not have entered into the agreement if he had been aware that Meier was unlicensed.

The award is affirmed.

Reynoso, J., Grodin, J., and Kaus, J.,* concurred.

**MOSK, J.**—I concur.

I write separately, however, to express my concern about the unfair burden effectively imposed on a class of hirers by Labor Code section 2750.5.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

Under the tolerant standard of review to which social and economic legislation is subject (e.g., *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 16 [112 Cal.Rptr. 786, 520 P.2d 10]), it appears that the Legislature's dissimilar treatment of two classes of hirers, which is effected through section 2750.5, probably survives scrutiny under the equal protection clause.

A hires C to perform certain services for which a license is required; C is a licensed independent contractor; should C become injured in the undertaking, A may avoid workers' compensation liability through the defense of independent contractor. B, by contrast, hires D to perform the same kind of services; D is not licensed; should D become injured in the undertaking, B may not similarly avoid liability. The dissimilar treatment appears reasonably related to the state's legitimate goal of imposing the costs of workers' injuries on hirers, who can presumably better bear or spread them. The Legislature could reasonably believe that the licensed independent contractor could and would insure against the risk of injury, and thus it could reasonably choose to allow the defense of independent contractor in such a case. On the other hand, it could reasonably believe that the unlicensed worker could not or would not insure against the risk, and thus it could reasonably choose not to allow the defense in such a case.

Although this dissimilar treatment appears "reasonable" from a constitutional perspective, it seems unduly harsh as a matter of policy. There is an element of unfairness in denying the defense of independent contractor to hirers solely on the basis that the worker was required to be, but was not, licensed.

The result might be tolerable if the hirers who are thus precluded from asserting the defense were able to insure against the risk of workers' compensation liability. Such, however, does not seem to be the case. First, such insurance is not available to all who stand in need of it. (See *Scott* v. *Workers' Comp. Appeals Bd.* (1981) 122 Cal.App.3d 979, 985 [176 Cal.Rptr. 267].) Second, there are evidently significant gaps in such insurance as is available. Insurance Code section 11590 requires comprehensive personal liability insurance policies to contain a provision for compensation insurance for "employees," as that term is defined in Labor Code section 3351, subdivision (d); that latter section, however, expressly excludes, among others, any person employed for less than 52 hours during the 90 calendar days immediately preceding the date of the injury (*id.*, § 3352, subd. (h)). Thus, policies drawn to incorporate section 11590 effectively fail to provide compensation insurance in the apparently common situation in which work-

ers are engaged in fairly routine and minor repairs rather than major capital improvements.

Because the unfairness involved in the dissimilar treatment effected by section 2750.5 does not appear to be of constitutional dimension, the remedy must come, if at all, from the hands of the Legislature. Such a remedy may take one of several forms, including, for example, the simple statutory authorization that the hirer may resort to the defense of independent contractor if he was not negligent in the hiring. What form legislation should take is not this court's responsibility. But I hope that once the Legislature is apprised of the problem, it will take appropriate steps necessary to cure it.

Bird, C. J., concurred.

**LUCAS, J.**—I respectfully dissent.

The majority's construction of Labor Code section 2750.5 permits an unlicensed independent contractor to assert his improper failure to obtain a license as a means of securing workers' compensation benefits otherwise unavailable to such persons. In my view, the purpose of the penultimate paragraph of section 2750.5 was to preclude *the contractor* (and not his employer) from asserting his independent contractor status whenever he fails to obtain the requisite contractor's license. The provision was certainly not intended to reward unlicensed contractors with compensation benefits available by law only to bona fide *employees*. The majority's holding sanctions a clear misuse of public funds.

The correct analysis is set forth in Acting Presiding Justice Kaufman's vacated opinion for the Court of Appeal, Fourth Appellate District, in this case. That opinion, with appropriate additions and deletions,* reads as follows:

[] The statutory law governing workers' compensation cases is set forth in divisions 4 and 4.5 of the Labor Code, commencing with section 3200. [All statutory references will be to the Labor Code unless otherwise specified.] Workers' compensation benefits are provided for "employees" (§§ 3351, 3357) but not for "independent contractors" (§ 3353; see *Tieberg* v. *Unemployment Ins. App. Bd.* (1970) 2 Cal.3d 943, 949-953 [88 Cal.Rptr.

---

*Brackets together, in this manner [ ], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

175, 471 P.2d 975]; *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 211, 217 [176 Cal.Rptr. 439] *passim*). Section 3353, which is part of division 4, defines independent contractor: " 'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." Manifestly, the evidence [] establishes as a matter of law that in remodeling Warren Chichester's residence applicant was acting as an independent contractor under section 3353. (Cf. *Germann* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 776, 783 et seq. [176 Cal.Rptr. 868]; *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd., supra,* 123 Cal.App.3d 211, 217 et seq.)

The workers' compensation judge's (WCJ's) and the board's conclusions to the contrary were based on the interpretation of the penultimate paragraph in section 2750.5 in *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd. (Taylor)* (1983) 147 Cal.App.3d 1033, 1037-1038 [95 Cal.Rptr. 564].) The WCJ and the board quite properly followed the *Taylor* decision as they were required to under the doctrine of *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]. However, it is apparent to [me] that the interpretation and application of section 2750.5 in *Taylor* was incorrect and that properly construed and applied, section 2750.5 does not preclude what would otherwise be the only reasonable determination that applicant in this case was an independent contractor rather than an employee.

Section 2750.5 [] [fn. omitted] purports to do two separate and distinct things. (See *Foss* v. *Anthony Industries* (1983) 139 Cal.App.3d 794, 797 [189 Cal.Rptr. 31].) All of its paragraphs and subparagraphs except the penultimate paragraph prescribe and deal with a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to chapter 9 of division 3 of the Business and Professions Code or who is performing such services for a person who is required to have such a license is an employee. In the words of the decision in *Foss,* the penultimate paragraph "absolutely denies independent contractor status to a person required to have such a license who is not licensed." (*Ibid.*)

The penultimate paragraph of section 2750.5 reads: "In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' [*sic*] license *as a condition of*

*having independent contractor status."* (Italics added.) In the *Taylor* case the court interpreted this provision as prohibiting a determination the workers' compensation applicant was an independent contractor regardless of the weight of the other evidence and as establishing conclusively that the applicant was an employee covered by the workers' compensation law. *(Travelers Ins. Co. v. Workers' Comp. Appeals Bd. (Taylor), supra,* 147 Cal.App.3d at pp. 1037-1038.) The court said in pertinent part: "We hold this paragraph means that no person who performs any work for which a contractor's license is required *shall be found to be* an independent contractor unless such person holds a valid contractor's license. This holding comports with the plain meaning of this statute. The Court of Appeal for the Fourth Appellate District recently reached the same conclusion in dictum: 'The section [§ 2750.5] also absolutely denies independent contractor status to a person required to have such a license who is not licensed.' *(Foss v. Anthony Industries* (1983) *[supra]* 139 Cal.App.3d 794, 797 [189 Cal.Rptr. 31].)" *(Ibid.,* italics added.)

In [my] view the *Taylor* court was mistaken in several respects. First, neither the *Foss* decision nor the quoted language from *Foss* furnishes substantial support for the interpretation made or the result reached in *Taylor.*

*Foss* was a wrongful death case in which one of the defendants sought to avoid vicarious liability on the theory that the active tortfeasor was an independent contractor rather than its employee. The *Foss* court's applying the penultimate paragraph of section 2750.5 to deny independent contractor status to the active tortfeasor had the effect of extending liability to the other defendant on the theory of respondeat superior. That result appears wholly consistent with the history and purpose of section 2750.5 as explicated in *Foss. (Foss, supra,* at pp. 797-798.) The court explained in part: "[S]ection 2750.5 codifies the general tort standard for independent contractor status . . . . [T]he basic provisions of the Labor Code on employee status are not limited to cases involving disputes between employer and employee because those provisions were originally in the Civil Code and were transferred to the Labor Code when it was created in 1937 in order to group all provisions on employment status in the same code (1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 3, p. 645). This has long been recognized as courts have cited the Labor Code on employment status in tort cases involving injuries to third parties. [Citation omitted.]" *(Id.,* at p. 798.) The court also noted: "Furthermore, section 2750.5 is not in the divisions of the Labor Code dealing with workers' compensation but rather is in division 3, the scope of which is set by section 2700 . . . ." *(Ibid.)*

Even more significantly, the application of section 2750.5 in *Foss* did not result in a benefit or reward of any kind to the unlicensed defendant; it

benefited a third party by permitting him to rely on the doctrine of respondeat superior. The analysis in the *Taylor* decision leads to the anomalous result of rewarding the person acting as a contractor without a contractor's license, extending to him or her workers' compensation benefits to which he or she would not otherwise be entitled under section 3353. The case at bench is a perfect example. Applicant was clearly acting as an independent contractor without a license. Contracting without a license is a misdemeanor. (Bus. & Prof. Code, § 7028.) To reward the commission of an unlawful act punishable as a crime by extending to the malefactor benefits he or she would otherwise be denied by a specific provision of the workers' compensation law would be both anomalous and inconsistent with the purpose of the licensing laws. (Cf. *Fillmore* v. *Irvine* (1983) 146 Cal.App.3d 649, 657-658 [194 Cal.Rptr. 319].) [Fn. omitted.]

State [Compensation Insurance] Fund [State Fund] suggests the somewhat peculiar language of the penultimate paragraph of section 2750.5 indicates that what the Legislature had in mind was to preclude the person acting without a required license from claiming or asserting the status of an independent contractor. That would certainly be a reasonable interpretation of the language that "any person performing any function . . . for which a license is required . . . shall hold a valid . . . license *as a condition of having* independent contractor status." "[A]s a condition of having . . . status" does seem to connote a claim or assertion of the status by the person acting without a license. Had the Legislature meant that in no event or circumstances should a person acting without a required license be found or determined to be an independent contractor, it would probably have said that in so many words rather than speaking of the requirement "as a condition of having [that] status."

The interpretation suggested by State Fund would also be consistent with the decision in *Fillmore* v. *Irvine, supra,* 146 Cal.App.3d 649 [] and the language in *Foss* v. *Anthony Industries, supra,* 139 Cal.App.3d at page 797, that "[t]he section also absolutely *denies* independent contractor status *to a person* required to have such a license who is not licensed." (Italics added.)

However, we are not required to determine definitively the precise meaning of the penultimate paragraph in section 2750.5. Section 2700 and a portion of the legislative history of section 2750.5 unmistakably indicate that the penultimate paragraph of section 2750.5 was not intended in workers' compensation cases to transform a person who would otherwise be an excluded independent contractor into a covered employee.

As originally enacted in 1978 (Stats. 1978, ch. 1246, § 1, p. 4058) the final paragraph of section 2750.5 read: "For purposes of workers' compen-

sation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and *is not intended to lessen the coverage of Section 3353 of the Labor Code.*" (Italics added.) Section 3353 [] it will be remembered is the section that defines "independent contractor" and is found in division 4 of the Labor Code dealing expressly with workers' compensation. The original wording is rather persuasive that the Legislature did not intend by enacting section 2750.5 to transform one who would otherwise be an independent contractor under section 3353 into an employee. [Fn. omitted.]

In 1979 the final paragraph of section 2750.5 was amended to read: "For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is *not intended to lessen the coverage of employees under Division 4 and Division 5.*" (Stats. 1979, ch. 605, § 1, p. 1879, italics added.) The purpose and intent of the 1979 amendment is obscure and somewhat perplexing. It is difficult to perceive how a presumption of employee status could possibly "lessen the coverage of employees under Division 4 and Division 5."

The Legislative Counsel's Digest of Assembly Bill No. 1758, which was enacted as chapter 605, read: "Existing law provides that there is a rebuttable presumption affecting the burden of proof that a worker is an employee rather than an independent contractor, and specifies factors which must be proven to show independent contractor status. Such provisions specify that for purposes of workers' compensation, such presumption is a supplement to existing statutory definitions of employee and independent contractor, and is not intended to lessen *the coverage of a specified provision of the workers' compensation law.* [¶] This bill would provide that such presumption is not intended to lessen the *coverage of employees under the workers' compensation law and worker safety laws.*" (Italics added.) The italicized language suggests a housekeeping or clarifying type of amendment not intended to effect any real substantive change. But, of course, the "specified provision" of the then existing law referred to in the Legislative Counsel's Digest was section 3353 and its coverage is not of employees except in a backhanded way; it characterizes an independent contractor as distinguished from an employee.

In any event, however, the 1979 amendment does little to dilute the strong inference from the original language that the provisions of section 2750.5 were not intended to supersede or effect a *pro tanto* repeal of section 3353.

Finally, and most conclusive, section 2750.5 is, as previously noted, part of division 3 of the Labor Code, the scope of which is limited by section

2700. (See *Foss* v. *Anthony Industries, supra,* 139 Cal.App.3d 794, 797.) Section 2700 reads: "The provisions of this division *shall not limit, change, or in any way qualify the provisions of Divisions 4* and 4.5 of this code, but shall be fully operative and effective in all cases where the provisions of Divisions 4 and 4.5 are not applicable." (Italics added.)

Section 3353 defining "independent contractor" is within division 4 and is, of course, applicable. Accordingly, no provision in division 3, of which section 2750.5 is a part, may limit, change or in any way qualify the provisions of section 3353.

The rebuttable presumption portion of section 2750.5 is, of course, applicable to determinations made under section 3353 (see, e.g., *Mission Ins. Co.* v. *Workers' Comp. Appeals Bd., supra,* 123 Cal.App.3d 211, 217). However, the rebuttable presumption is but a procedural provision affecting the burden of proof (see *Foss* v. *Anthony Industries, supra,* 139 Cal.App.3d at p. 799); it effects no limit upon, change in, or qualification of the substantive provisions of section 3353. Indeed, the burden of proving an applicant was an independent contractor rather than an employee has been that of the alleged employer since at least 1937. (§ 5705; *Germann* v. *Workers' Comp. Appeals Bd., supra,* 123 Cal.App.3d 776, 783.) The penultimate paragraph of section 2750.5, by contrast, is a substantive provision of law (*Foss, supra,* at pp. 799-800) and would limit, change, and qualify the substantive provisions of section 3353 if applied to compel a determination that every person performing services for compensation without a required contractor's license is an employee. Thus, section 2700 precludes the application to the applicant here of the penultimate paragraph of section 2750.5.

In view of this conclusion we are not required to address State Fund's contention that an unlicensed contractor is estopped from asserting his unlicensed status. [End of Court of Appeal opinion.]

I would annul the WCAB's order and decision.