[No. C046871. Third Dist. Feb. 23, 2005.]

VIRGINIA MOEHRING et al., Plaintiffs and Appellants, v.
MARK THOMAS et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

---

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

COUNSEL

Martin F. Andreas, Larry J. Arkfeld and William O. Davis for Plaintiffs and Appellants.

John P. Cotter and Christopher A. Reid for Defendants and Respondents.

OPINION

**SCOTLAND, P. J.**—While maintaining fire roads in the Klamath National Forest, Mark Titus was struck and killed by machinery being operated by Mark Thomas (defendant). Titus and defendant, doing business as Mark Thomas Logging, had been employed by a contractor awarded the job of maintaining the fire roads. After Titus's heirs and family (plaintiffs) recovered workers' compensation benefits, they sued defendant for negligently causing Titus's death. The trial court entered summary judgment in defendant's favor, ruling that he was a fellow employee and, therefore, workers' compensation was the exclusive remedy.

On appeal, plaintiffs correctly contend the trial court erred in concluding defendant, who did not have a contractor's license, was an employee as a matter of law pursuant to Labor Code section 2750.5. Among other things, this statute (1) creates a rebuttable presumption that "a worker performing services for which a [contractors'] license is required" is "an employee rather than an independent contractor" (Lab. Code, § 2750.5), and (2) provides that a worker performing any activity for which such a license is required "shall hold a valid contractors' license as a condition of having independent contractor status" (Lab. Code, § 2750.5, subd. (c); further section references are to the Labor Code unless otherwise specified).

As we will explain, Business and Professions Code section 7049 exempts from the contractors' license requirement any construction or maintenance work incidental to the "clearing or other work upon the land in rural districts for fire prevention purposes . . . ." Here, undisputed evidence establishes that the work being performed by defendant was for fire prevention purposes in a rural district. Consequently, he was not an employee as a matter of law; instead, it is a question of fact, based upon relevant factors enumerated in section 2750.5, whether he was an employee or an independent contractor. For this reason, defendant is not entitled to summary judgment.

FACTS

The parties' undisputed facts disclose that Titus died in an accident on August 21, 2001, while employed by Foster Construction (Foster). The

United States Forest Service had awarded Foster, who was a licensed general contractor, a contract for maintenance of fire roads in Klamath National Forest (the Klamath Forest). The contract included the clearing of forest, repair of culverts and drainage, and placement and compaction of aggregate. Foster hired defendant, an unlicensed contractor, to work on the project. Titus was killed when he was pinned against an embankment by an excavator operated by defendant.

Plaintiffs recovered $94,102.82 in workers' compensation benefits from Foster's insurance carrier, the State Compensation Insurance Fund (SCIF). They also sued defendant for negligently causing Titus's death. SCIF filed a lien against any judgment or settlement rendered in favor of plaintiffs in the wrongful death action.

Defendant moved for summary judgment, asserting that because he did not have a contractors' license, he and Titus were both employees of Foster as a matter of law when the accident occurred (§ 2750.5 [for work requiring a contractors' license, an unlicensed subcontractor is deemed to be a statutory employee of the general contractor]) and, therefore, plaintiffs' action against defendant was barred by the exclusive remedy provision of the Workers' Compensation Act. (§§ 3600, 3601, 3602.)

Plaintiffs opposed the motion, contending that defendant's status as Foster's employee was not established as a matter of law because defendant failed to show indisputably that he was required to have a contractors' license to perform the job for Foster. According to plaintiffs, a contractors' license was not required pursuant to relevant federal law; thus, (1) it was a question of fact whether defendant was an employee of Foster or was an independent contractor, and (2) if the latter status applied, plaintiffs' action against defendant was not barred.

The trial court ruled that defendant was an employee of Foster as a matter of law and that plaintiffs' action against defendant was barred by the exclusive remedy provision of the Workers' Compensation Act. Accordingly, the court granted the summary judgment motion and entered judgment in favor of defendant.

## DISCUSSION

### I

Prior to addressing the parties' appellate contentions, it is helpful to discuss pertinent statutory provisions and principles of law.

■ "Section 3600 establishes the conditions under which an employer's liability for compensation established by the Workers' Compensation Act is in lieu of any other liability of the employer to the employee for an injury suffered on the job. Section 3602 provides in turn, with exceptions not relevant here, that when compensation is payable under section 3600, the right to recover compensation is 'the sole and exclusive remedy of the employee or his or her dependents against the employer . . . .' A parallel, but not identical, exclusive remedy provision, section 3601, prohibits actions against coemployees for injuries they cause when acting within the scope of their employment." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 729–730 [1 Cal.Rptr.2d 543, 819 P.2d 1], fn. omitted.)

■ Section 2750.5, applicable in both workers' compensation cases (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 11 [219 Cal.Rptr. 13, 706 P.2d 1146]) and tort actions (*Foss v. Anthony Industries* (1983) 139 Cal.App.3d 794, 798–799 [189 Cal.Rptr. 31]), sets forth a statutory presumption regarding whether a person or entity is an employee or independent contractor. There is "a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to [the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.)], or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." (§ 2750.5.)[1]

---

[1] Section 2750.5 states in full: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors: [¶] (a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for. [¶] (b) That the individual is customarily engaged in an independently established business. [¶] (c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract. [¶] In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having

■ The statute enumerates various factors for rebutting the presumption and proving independent contractor status, but the penultimate paragraph of section 2750.5 states that "any person performing any function or activity *for which a license is required* pursuant to [the Contractors' State License Law] shall hold a valid contractors' license *as a condition* of having independent contractor status." (Italics added.) Thus, "[p]ursuant to the plain language of Labor Code section 2750.5, an unlicensed subcontractor may not be an independent contractor but is instead deemed a statutory employee of the general contractor." (*Hunt Building Corp. v. Bernick* (2000) 79 Cal.App.4th 213, 220 [93 Cal.Rptr.2d 883], citing *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 15.)

## II

Defendant contends it is undisputed that at the time of the accident, he was operating an excavator—which is a power-driven digging machine used for earthmoving—and this activity required a contractors' license (Bus. & Prof. Code, §§ 7026,[2] 7028); hence, in accordance with sections 2750.5 and 3601, defendant was Foster's employee—which made him the decedent's coemployee—and plaintiffs could not sue him for wrongful death because their exclusive remedy was the recovery of workers' compensation benefits.

Plaintiffs assert a variety of reasons they believe defendant was not required to have a contractors' license. Claiming those reasons demonstrate that defendant was not "performing any function or activity for which a license is required" within the meaning of section 2750.5, plaintiffs argue the unrebuttable presumption of employee status set forth in the penultimate paragraph of section 2750.5 does not apply; rather, it is a question of fact whether defendant was Foster's employee or an independent contractor, using the pertinent factors enumerated in section 2750.5. (See fn. 1, *ante.*) According to plaintiffs, because factual issues remain, summary judgment was inappropriate and we must reverse and remand the matter for trial.

As we will explain, plaintiffs' position prevails.

---

independent contractor status. [¶] For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

[2] Business and Professions Code section 7026 provides in pertinent part: " 'Contractor,' for the purposes of this chapter, is synonymous with 'builder' and, within the meaning of this chapter, a contractor is any person who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or herself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road . . . . 'Contractor' includes subcontractor and specialty contractor. 'Roadway' includes, but is not limited to, public or city streets, highways, or any public conveyance."

In the trial court, plaintiffs' main argument in opposition to the summary judgment motion was that defendant did not need to have a contractors' license because he was working on a federal project, and a California contractors' license is not required for federal jobs on federal lands.

They reiterate this contention on appeal and also advance policy arguments why section 2750.5 should not be interpreted as allowing an unlicensed contractor to avoid tort liability under the particular circumstances of this case.

We need not address those contentions, however, because another argument raised by plaintiffs has merit. They correctly point out that under a state law exemption (Bus. & Prof. Code, § 7049), a contractors' license was not required for the fire road maintenance project performed by defendant.

■ Business and Professions Code section 7049 sets forth a long-standing exception to the contractor's license requirement. It exempts any construction and maintenance work incidental to, among other activities, farming, agriculture, or the "clearing or other work upon the land in rural districts for fire prevention purposes . . . ."[3] The Legislature added the "clearing or other work" clause to the statute's predecessor in 1931. (Stats. 1931, ch. 578, § 1, p. 1256.)

On appeal, defendant does not dispute that the purpose of the work being performed in this case was clearing or other work on land for fire prevention purposes. Indeed, defendant's own statement of undisputed facts, which plaintiffs did not contest, asserts that the United States Forest Service awarded Foster a contract for *maintenance of fire roads* in the Klamath Forest, and Foster hired defendant to work on the project. The contract submitted in support of defendant's motion indisputably establishes that the work involved clearing and other work on land in a portion of the Klamath Forest located in Siskiyou County.

This leaves the question of whether the portion of Siskiyou County where the work was being performed is a rural district.

The term "rural districts" is of antiquated usage and has been interpreted to refer to land outside an incorporated city or other urbanized area. (See, e.g.,

---

[3] The complete text of section 7049 states: "This chapter does not apply to any construction or operation incidental to the construction and repair of irrigation and drainage ditches of regularly constituted irrigation districts, reclamation districts, or to farming, dairying, agriculture, viticulture, horticulture, or stock or poultry raising, or clearing or other work upon the land in rural districts for fire prevention purposes, except when performed by a licensee under this chapter. [¶] The provisions of this chapter do apply to the business of drilling, digging, boring, or otherwise constructing, deepening, repairing, reperforating, or abandoning water wells."

*In re Gray* (1929) 206 Cal. 497, 500, 503–504 [274 P. 974] [the term "rural districts" in a former statute that allowed persons not licensed as pharmacists to sell certain drugs if they lived in rural districts applied to "sparsely settled" areas]; *Payne v. Cummings* (1905) 146 Cal. 426, 429 [80 P. 620] [a homestead in a rural district is one located on property "where farming or grazing is the only useful purpose it can be devoted to in addition to making a home of it"]; *In re Smith* (1904) 143 Cal. 368, 371–372 [77 P. 180] [held unconstitutional an ordinance prohibiting persons from supplying natural gas to consumers in rural districts, i.e., "sparsely settled and thinly inhabited" areas outside of incorporated cities].)

█ In *Fraenkel v. Bank of America* (1953) 40 Cal.2d 845 [256 P.2d 569] (hereafter *Fraenkel*), the Supreme Court analyzed the purpose of Business and Professions Code section 7049 and remarked: "[T]he Legislature may well have had in mind prevailing conditions in many rural districts where there are few, if any, licensed contractors and where other persons in the area having the necessary training and experience are readily available for doing various construction jobs as the need may arise." (40 Cal.2d at p. 849.) Although the issue in *Fraenkel* involved that portion of the statute which exempts construction incidental to farming and agricultural work, its analysis of the statute's purpose is equally applicable to the exemption for clearing or other work on land in rural districts for fire prevention purposes.

With a total population of 44,301 (2000 U.S. Decennial Census), Siskiyou County unquestionably is a rural county.[4] (Cf. Pub. Resources Code, § 40184, subd. (a) [" 'Rural county' means any county that has a population of 200,000 or less and is located in a rural area"]; Health & Saf. Code, § 1179, subd. (a) ["Outside of California's four major metropolitan areas, the majority of the state is rural"]; *Wilson v. Eu* (1992) 1 Cal.4th 707, 789 [4 Cal.Rptr.2d 379, 823 P.2d 545] [Siskiyou County is a "rural mountain count[y]"].) The 2000 decennial census shows there are very few urban areas within the entire county. One of the larger cities near the Klamath Forest is Yreka, with a population of 7,290. Happy Camp, where Foster's construction business is located, had a population of 2,182. It cannot reasonably be disputed that the Klamath Forest and the surrounding areas in Siskiyou County are rural.

Nonetheless, defendant argues that the portion of the Klamath Forest where the work was performed is not a rural district because its primary use is not agricultural and it "is not populated, sparsely or otherwise."

---

[4] The decennial census is found on the United States Census Bureau's Web site (http://factfinder.census.gov [as of Feb. 23, 2005]). We grant plaintiffs' request for judicial notice of this information. (Evid. Code, § 452, subds. (c) & (h); *People v. Howard* (1992) 1 Cal.4th 1132, 1160, fn. 6 [5 Cal.Rptr.2d 268, 824 P.2d 1315].)

■ However, the licensing requirement exemption of Business and Professions Code section 7049 is not limited to work on agricultural land. It applies to (1) any construction or operation incidental to the construction and repair of irrigation and drainage ditches of regularly constituted irrigation and reclamation districts, "or to" (2) farming, dairying, agriculture, horticulture, and similar enterprises, "or [to]" (3) "clearing or other work upon the land in rural districts for fire prevention purposes," or to (4) various activities related to water wells. (See Bus. & Prof. Code, § 7049; fn. 3, *ante*.)

Nor is there any merit to defendant's argument that the Klamath Forest is not a rural district because, rather than being sparsely populated, it is not populated at all.

For starters, it appears that the Klamath Forest is not entirely uninhabited, as defendant suggests. The United States Department of Agriculture Forest Service's Web site reflects that the goal of the Rural Community Assistance Program for the Klamath Forest is to "provide[] assistance to rural communities *located in* or near the Forest that have become economically disadvantaged due to public land management decisions." (http://www.fs.fed.us/r5/klamath/projects/rural [as of Feb. 23, 2005], italics added.)[5] And the department's Fire Protection Strategy plan for the community of Happy Camp (http://www.fs.fed.us/r5/klamath/projects/projects/fuels/happycamp/opportunitymap.shtml [as of Feb. 23, 2005]), discloses that Happy Camp is located within the boundaries of the Klamath Forest. (http://www.fs.fed.us/r5/klamath/projects/projects/fuels/happycamp/index.shtml [as of Feb. 23, 2005].) As we stated earlier, the census reflects that Happy Camp had a population of 2,182 in 2000.

In any event, as pointed out in *Fraenkel, supra,* 40 Cal.2d at page 849, the exemption exists because of the Legislature's recognition that in many rural districts there are few, if any, licensed contractors. Even if, as defendant contends, there is *no population* within in the Klamath Forest, this is as rural as an area can get. It would be nonsensical to conclude that the statutory exemption cannot apply to an uninhabited area where the number of available licensed contractors would be even smaller than in sparsely inhabited areas.

■ In sum, because defendant was not performing an activity for which a license was required pursuant to the·Contractors' State License Law, he is not

---

[5] Defendant requests judicial notice of the Klamath National Forest Management and Resource Plan but does not provide us with the text of the plan. Plaintiffs also seek judicial notice of the plan, citing to the United States Department of Agriculture Forest Service's Web site, which contains the terms of the plan. (http://www.fs.fed.us/r5/klamath/projects/forestmanagement/forestplan/index.shtml [as of Feb. 23, 2005].) In addition, plaintiffs ask us to take judicial notice of other information found on the Web site. The parties' requests for judicial notice are granted. (Evid. Code, § 452, subds. (b), (h).)

irrefutably deemed a statutory employee of Foster under section 2750.5. Rather, it is a fact question, based on the various relevant factors enumerated in section 2750.5, whether he was an independent contractor or was Foster's employee. Accordingly, defendant is not entitled to summary judgment.

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Defendant shall reimburse plaintiffs for their costs on appeal. (Cal. Rules of Court, rule 27(a).)

Morrison, J., and Robie, J., concurred.

---

*See footnote, *ante*, page 1515.