[No. A028549. First Dist., Div. Three. Dec. 17, 1986.]

MONTE BLEW, Plaintiff and Appellant, v.
EARL HORNER, Defendant and Respondent.

COUNSEL

J. Robert Dempster, William R. Seligmann and Dempster, McDonald & Seligmann for Plaintiff and Appellant.

Robert S. Boyd, Boyd & Murray and Boyd, Murray & Rudnansky for Defendant and Respondent.

Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva and Robert A. La Porta as Amici Curiae, upon the request of the Court of Appeal.

OPINION

SCOTT, J.—Plaintiff Monte Blew brought a personal injury action against defendant Earl Horner, individually and doing business as Horner's Construction Company. The trial court granted defendant's motion for summary

judgment, on the grounds that when plaintiff was injured, he was defendant's employee as a matter of law pursuant to Labor Code section 2750.5[1] and that the dual capacity doctrine was inapplicable; thus workers' compensation was plaintiff's exclusive remedy against defendant. We affirm.[2]

## I

Plaintiff's complaint alleged that in 1981, he was employed as a roofer by Daniel Symons and that Symons was employed by defendant Earl Horner, individually and doing business as Horner's Construction Company, as an independent contractor to do roofing on a construction project in Santa Rosa. Plaintiff alleged that as a result of Horner's negligent supervision and maintenance of the construction site, plaintiff fell from a roof and was injured. In addition, plaintiff alleged that his injury resulted from a defective wooden beam manufactured, assembled, and placed into the stream of commerce by defendant.

Defendant moved for summary judgment on the ground that pursuant to section 2750.5, plaintiff was defendant's employee and workers' compensation his sole remedy. In support of defendant's motion, he submitted the findings and award of the Workers' Compensation Appeals Board in case No. 81 SRO 32570 (Monte Blew v. Daniel Symons and Director of Industrial Relations, as Administrator of the Uninsured Employers Fund). The Board found, inter alia, that plaintiff was injured while employed as a roofer by Symons and that Symons was unlawfully uninsured for workers' compensation at the time of the injury.[3] Defendant also submitted deposition testimony from Symons which established that he had no roofing contractor's license at the time of the accident. Relying on section 2750.5, the trial court concluded that because Symons was illegally unlicensed, defendant Horner must be deemed the employer of both Symons and plaintiff. The court also concluded that the dual capacity theories of liability advanced by plaintiff in opposition to the summary judgment motion were inapplicable.

## II

The statutes regulating workers' compensation appear in divisions 4 and 4.5 of the Labor Code, commencing with section 3200. Although there are

---

[1]Unless otherwise indicated, statutory references are to the Labor Code.

[2]Plaintiff's appeal is from the order on the motion, but an order granting a motion for summary judgment is nonappealable; appeal should be from the judgment entered. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 89, p. 110.) The court's order granting summary judgment directs defendant's counsel to submit a proposed judgment, but there is no judgment in the record before us. Nevertheless, we construe the order granting summary judgment as a final judgment. (See *Stork* v. *State of California* (1976) 62 Cal.App.3d 465, 467-468 [133 Cal.Rptr. 207].)

[3]Plaintiff was awarded compensation benefits; in the event Symons failed to pay the award or post bond within the time allowed, the Uninsured Employers Fund was ordered to pay plaintiff.

exceptions to the rule, ordinarily workers' compensation is an employee's exclusive remedy against an employer for injuries arising out of and in the course of employment. (§§ 3600, 3601.) In general, a person rendering service for another, other than as an independent contractor, is presumed to be an employee. (§ 3357.) An independent contractor is defined as a "person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (§ 3353.)

■ At issue in this case is section 2750.5, which appears in division 3, titled "Employment Relations." Section 2750.5 provides in part: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors: . . ." In subdivisions (a), (b), and (c), the statute then enumerates several factors which may prove independent contractor status. The penultimate paragraph of section 2750.5 states: "In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status."

Plaintiff does not dispute that both he and Symons were hired to perform a kind of work for which a contractor's license is required, i.e., roofing. (Bus. & Prof. Code, §§ 7058, 7059; Cal. Admin. Code, tit. 16, § 832.39.) Instead, plaintiff argues that section 2750.5 does not create a conclusive presumption; he urges that the presumption that an unlicensed person performing contracting services is an employee should be rebuttable by the criteria set forth in subdivisions (a), (b), and (c).

Plaintiff's argument is unavailing. In *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5 [219 Cal.Rptr. 13, 706 P.2d 1146], in which the Supreme Court held that section 2750.5 applies to workers' compensation cases, it also flatly stated that the section makes a required license a condition of having independent contractor status. (40 Cal.3d at p. 12.) "[B]y stating that a license is a condition of [independent contractor] status, the Legislature has unequivocally stated that the person lacking the requisite license may not be an independent contractor." (*Id.*, at p. 15.)

The court rejected the State Compensation Insurance Fund's argument that allowing workers' compensation to the unlicensed contractor gives him a windfall for unlawful conduct. The court reasoned, "At the outset, it seems questionable to categorize compensation for an injury as a windfall. In addition, denial of compensation benefits for injuries is not one of the penalties specified by the Legislature for violation of the licensing statutes.

"The fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings. When the person seeks to hire the services through a licensed independent contractor, it is reasonable to anticipate that the independent contractor will insure against the risk and that the cost of the insurance will be passed on as part of the price of the contract. Thus it is reasonable to exonerate the hirer of the independent contractor. However, when the person performing services for which a license is required is unlicensed, the likelihood that he will insure against the risk of injury and has included the insurance cost in the price of his contract is greatly reduced.

"It is not unreasonable for the Legislature to conclude that effective implementation of a system of providing for workers' injuries requires liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license. Whether or not the hirer of the unlicensed contractor must be viewed as negligent in engaging in the hiring, it is apparent that the hirer has little expectation that the contractor will have compensation and liability insurance. While it may seem anomalous to hold that the hirer is liable for compensation only if the contractor lacks the required license, and that he would not be liable if the contractor were licensed, the justification is apparent in that the Legislature has sought to assure that both licensed and unlicensed contractors and their employees will have compensation should they be injured on the job." (*Id.*, at pp. 12-13; accord *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 1033, 1037 [195 Cal.Rptr. 564]; see also *Foss* v. *Anthony Industries* (1983) 139 Cal.App.3d 794, 797-798 [189 Cal.Rptr. 31] [holding that section 2750.5 applies in tort cases as well as in workers' compensation, and describing the paragraph at issue as "absolutely den[ying] independent contractor status to a person required to have such a license who is not licensed].)

### III

Plaintiff's next argument presents a more difficult question, which was not directly addressed by the Supreme Court in *State Compensation Ins. Fund* v. *Workers Comp. Appeals Bd., supra,* 40 Cal.3d 5. Plaintiff and

amicus curiae the State Compensation Insurance Fund[4] contend that even if section 2750.5 made Symons defendant's employee as a matter of law, it does not necessarily follow that plaintiff was also defendant's employee. Instead, they argue, regardless of the relationship between Symons and defendant, the relationship between plaintiff and defendant should be a question of fact. In response, defendant argues that if Symons was his employee as a matter of law, so too was plaintiff.

Initially, it must be emphasized that although the only question in this case is defendant's tort liability, a determination that plaintiff is his employee as a matter of law will necessarily impose workers' compensation liability on defendant for plaintiff's injuries. As has already been stated, plaintiff's immediate employer, Symons, was both unlicensed and unlawfully uninsured for workers' compensation. Therefore, before we consider the effect of section 2750.5 on the relationship between plaintiff and defendant, some discussion of the workers' compensation liability of general contractors and other hirers to the employees of subcontractors who are uninsured for workers' compensation may be useful.

At least 40 states have adopted legislation imposing on a general contractor workers' compensation liability to the employees of uninsured contractors under him. (1 Larson's Workmen's Compensation (Desk ed. 1986) § 49.11, p. 9-1.) According to Larson, it has become common to speak of the liability thereby created as that of the "statutory employer" to the "statutory employee." The purpose of this legislation is "to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, who has it within his power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation protection for their workers." California is among the few states which have not enacted such legislation. (*Id.*, at p. 9-2.)

As explained in *Coleman* v. *Silverberg Plumbing Co.* (1968) 263 Cal.App.2d 74 [69 Cal.Rptr. 158], the California Legislature did impose compensation liability on persons other than the immediate employer of the injured employee in both the 1913 and the 1917 Workmen's Compensation Acts (Stats. 1917, ch. 586, § 25; Stats. 1913, ch. 176, § 30.) However, each of these statutes was held to be unconstitutional, on the ground that the Legislature had no authority under the California Constitution to compel a person to compensate the employees of another. (*Carstens* v. *Pillsbury*

---

[4]At this court's invitation, the fund has filed an amicus curiae brief addressing this issue. The court also invited the Uninsured Employers Fund to participate as amicus, but that fund declined.

(1916) 172 Cal. 572, 578-580 [158 P. 218]; *Pacific G. & E. Co. v. Industrial Acc. Com.* (1919) 180 Cal. 497, 499-503 [181 P. 788]; *Worswick Co. v. Industrial Acc. Com.* (1919) 181 Cal. 550, 560-561 [185 P. 953].) This theory has been criticized (see *Coleman, supra,* 263 Cal.App.2d at p. 84) and may be of questionable validity today. (See, e.g., *City and County of San Francisco v. Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 103 [148 Cal.Rptr. 626, 583 P.2d 151], in which Supreme Court rejected claim that Legislature's authority to enact workers' compensation legislation derived solely from and is limited by art. XIV, § 4 of Cal. Const.)

Nevertheless, absent any statute imposing liability, California courts have consistently held that an owner or general contractor is not liable under workers' compensation for injury to the employee of an independent contractor hired by the general contractor. (*State Comp. Ins. F. v. Ind. Acc. Com.* (1941) 46 Cal.App.2d 526, 528-530 [116 Cal.Rptr. 173]; *Coleman v. Silverberg Plumbing Co., supra,* 263 Cal.App.2d at p. 81.) On the other hand, if the person hired by an owner or general contractor is an employee rather than an independent contractor, the general contractor may be liable under workers' compensation for injuries to persons hired by the employee, on the theory that such persons are also the general contractor's employees.

For example, in *S. A. Gerrard Co. v. Industrial Acc. Com.* (1941) 17 Cal.2d 411 [110 P.2d 377], Hanaoka, a melon grower, leased land from Gerrard Company. In addition, Gerrard contracted with Hanaoka to supervise the picking and to market the melons, among other tasks. Hanaoka hired Valdez as a picker, and Valdez was injured. The Industrial Accident Commission found that Valdez was Gerrard's employee, and the Supreme Court affirmed. The decisive question, the court explained, was the relationship between Gerrard and Hanaoka. If Hanaoka was an employee of Gerrard, then Valdez was also (*id.,* at p. 413); if Hanaoka was an independent contractor, then Valdez as his employee had no rights against Gerrard. Substantial evidence supported the commission's finding. Although in form Hanaoka was an independent contractor, in effect he was Gerrard's employee, and its right to control his operations extended to all who worked for him in picking the crop, including Valdez. (*Id.,* at p. 414.)

In *Brietigam v. Industrial Acc. Com.* (1951) 37 Cal.2d 849 [236 P.2d 582], the injured party was a "swamper" hired to load trucks by a trucker who was transporting barley for Brietigam. The Industrial Accident Commission found that Brietigam was the swamper's employer, and the Supreme Court affirmed. Relying on *S. A. Gerrard Co. v. Industrial Acc. Com., supra,* 17 Cal.2d 411, the court declared that the decisive question was the relationship between the truckers and Brietigam. If the truckers were Brietigam's employees, then the swamper was as well. Although the evidence was in conflict, it was sufficient to support a finding that Brietigam had the

right to control the truckers and the authority to discharge them and their helpers at will. (*Brietigam, supra,* 37 Cal.2d at p. 855.)

With that background, we turn to the question in this case. Defendant relies on the foregoing cases to argue that since section 2750.5 requires that Symons must be considered an employee of defendant, it necessarily follows that plaintiff, as Symons' employee, must also be considered defendant's employee. Plaintiff contends that whether he is defendant's employee should be a question of fact. Plaintiff points out that both *Brietigam* and *S. A. Gerrard Co.* were decided prior to the enactment of section 2750.5. He argues that in each case, the court's conclusion was based on evidence that the employer had the right to control the person who hired the injured individual, and that it logically followed from that evidence that the employer had the right to control the latter individual as well. A similar conclusion is not logical or reasonable in this case, plaintiff argues, because Symons' status as an employee of defendant is based solely on his lack of a license, and not on a factual finding of defendant's right to control and direct the activities of Symons and his helpers. Amicus the State Compensation Insurance Fund urges that the Legislature did not intend to extend the "fiction" of the employment relationship established by section 2750.5 to create an employment relationship between the general contractor and the employees of the unlicensed subcontractor.

■ The fundamental rule of statutory construction is that a court must ascertain the intent of the Legislature in order to effectuate the purpose of the law. In determining that intent, the court must begin with the statutory language. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658 [147 Cal.Rptr. 359, 580 P.2d 1155].) Here, however, that language provides no insight into the Legislature's views with respect to the relationship between the employees of the unlicensed contractors and the hirers of those contractors. Nevertheless, we must also presume that the Legislature is familiar with its own previous enactments when legislating on a particular subject, with judicial decisions construing its previous acts, and with common law rules. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394]; *Rosenthal* v. *Cory* (1977) 69 Cal.App.3d 950, 953 [138 Cal.Rptr. 442]; *People* v. *Welch* (1971) 20 Cal.App.3d 997, 1002 [98 Cal.Rptr. 113].) We must also assume that in enacting legislation, the Legislature knew what it was saying and meant what it said. (*Educational & Recreational Services, Inc.* v. *Pasadena Unified Sch. Dist.* (1977) 65 Cal.App.3d 775, 782 [135 Cal.Rptr. 594].) Furthermore, "whatever is necessarily implied in a statute is as much a part of it as that which is expressed." (*Sondeno* v. *Union Commerce Bank* (1977) 71 Cal.App.3d 391, 395 [139 Cal.Rptr. 229].)

As has been discussed, among the consequences which flow from a determination that a person is an employee rather than an independent contractor is that an employer-employee relationship exists between the hirer of the employee and those whom the employee has hired to do the hirer's work. On that point, the law has long been settled in this state. (See, e.g., *S. A. Gerrard Co.* v. *Industrial Acc. Com., supra,* 17 Cal.2d 411; *Brietigam* v. *Industrial Acc. Com., supra,* 37 Cal.2d 849.) We must presume that the Legislature was aware of that law when it declared unequivocally that a person lacking the requisite license cannot be an independent contractor; we must also presume, therefore, that it intended all the consequences flowing from that declaration, including the creation of an employer-employee relationship between the ultimate hirer and the employees of the unlicensed contractor. We can only assume that the Legislature concluded that an effective workers' compensation system requires imposition of workers' compensation liability on the part of the ultimate hirer not only for injuries to the unlicensed contractor, but for the employees of that contractor as well.

Plaintiff argues that in effect he is being punished for Symons' failure to obtain a license. He states that under the facts of this case he gains no advantage from being defendant's employee, because despite Symons' failure to carry workers' compensation insurance, plaintiff has already received compensation from the Uninsured Employers Fund. (See generally, *Flores* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 171 [113 Cal.Rptr. 217, 520 P.2d 1033].) According to plaintiff the sole result of a determination that he was also defendant's employee is that he is unable to sue defendant for negligence.

Plaintiff's argument ignores the purpose underlying workers' compensation. "[T]he whole theory of the Workmen's Compensation Act is to put a burden in limited amounts upon employers for all industrially caused injuries and deaths regardless of fault, and concomitantly to take from employees . . . the right of recovering any greater amounts even though the injury . . . is tortiously caused by the employer. It is inherent in this system that the statutory recovery, whatever it may be, shall be allowed in every case to which the statute makes it applicable, and *apparent hardship in individual cases to either employer, employee or dependents . . . must be disregarded in view of the social desirability of the system as a whole.*" (*Pacific Gas & Elec. Co.* v. *Ind. Acc. Com.* (1961) 56 Cal.2d 219, 223 [14 Cal.Rptr. 548, 363 P.2d 596], italics added.) "'Though it may be more opportunistic for a particular plaintiff to seek to circumscribe the purview of compensation coverage because of his immediate interest and advantage, the courts must be vigilant to preserve the spirit of the act and to prevent a distortion of its purposes. . . .'" (*Eckis* v. *Sea World Corp.* (1976) 64 Cal.App.3d 1, 7 [134 Cal.Rptr. 183].)

 In sum, the trial court did not err when it concluded that because roofer Symons was defendant's employee rather than an independent contractor, plaintiff, who was hired by Symons to do the roofing for defendant, was defendant's employee as well.[5]

## IV

██ Plaintiff then contends that even if he is defendant's employee, defendant is liable under the dual capacity doctrine.

As has been stated, ordinarily, when conditions of compensation exist, workers' compensation is an injured employee's exclusive remedy against his employer. (§§ 3600, 3601; *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 368 [184 Cal.Rptr. 560].) An injured employee may bring an action for damages, however, against "any person other than the employer." (§ 3852.) Under the law as it existed at the time of plaintiff's injury, when an employer bore toward his employee two separate relationships, each giving rise to separate legal obligations, the defendant employer was subject to liability for damages arising from the relationship distinct from that of employer and employee. (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 278 [179 Cal.Rptr. 30, 637 P.2d 266]; *D'Angona* v. *County of Los Angeles* (1980) 27 Cal.3d 661, 666-667 [166 Cal.Rptr. 177, 613 P.2d 238].) The decisive test of this dual capacity doctrine was whether the nonemployer aspect of the employer's activity generated a different set of obligations by the employer toward the employee. (*Id.*, at p. 667.)[6]

First, plaintiff contends that defendant is amenable to suit in his dual capacity as manufacturer of a defective product.

---

[5]We do note, however, the peculiar result of the Legislature's action and inaction. As we have discussed, unlike the majority of states, California's Legislature has not recently enacted a statute imposing on a general contractor workers' compensation liability for the employees of subcontractors who are unlawfully uninsured for workers' compensation. However, by enacting section 2750.5, it has in effect imposed workers' compensation liability on those who hire *unlicensed* contractors should either the unlicensed contractor or his employees be injured on the job. Therefore if a subcontractor is licensed, but unlawfully uninsured for workers' compensation, the workers' compensation liability of the general contractor for the subcontractor's employees is a question of fact; in contrast, if the subcontractor is unlicensed, workers' compensation liability for his employees will be imposed on the general contractor as a matter of law. If this anomalous result is not what the Legislature intended, it should take appropriate steps to cure the problem. (See *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at pp. 16-18 (conc. opn. of Mosk, J.).)

[6]The Legislature has drastically restricted the employee's right to pursue actions under the dual capacity doctrine by amending Labor Code section 3602. (Stats. 1982, ch. 922, § 6, p. 3367.) The amendment is inapplicable to this case, as plaintiff's injury occurred before its effective date. (See *Perry* v. *Heavenly Valley* (1985) 163 Cal.App.3d 495, 500 [209 Cal.Rptr. 771]; *Horney* v. *Guy F. Atkinson Co.* (1983) 140 Cal.App.3d 923, 930, fn. 4 [190 Cal.Rptr. 18].)

In *Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103 [137 Cal.Rptr. 797], the court held that an employee may state a cause of action based on manufacturer's liability even though the defendant is also the plaintiff's employer and the injuries took place in the course of employment, provided that the product involved is manufactured by the employer for sale to the public. (*Id.,* at p. 107.) The Supreme Court explained the rationale underlying this aspect of the dual capacity doctrine in *Bell* v. *Industrial Vangas, Inc., supra,* 30 Cal.3d 268: "The public policy goals underlying product liability doctrine should not be subverted by the mere fortuitous circumstance that the injured individual was an employee of the manufacturer whose product caused the injury. If the injured individual had not been an employee, he would have had a cause of action against the defendant. To deny [the plaintiff] such a cause of action because he is an employee, gives the employer more protection than envisioned by the [Workers' Compensation Act]." (*Id.,* at pp. 279-280.)

However, this doctrine is applicable only if it can be demonstrated both that the defendant does manufacture the product for sale to the public, and that the risk thereby created is the same as the one to which the plaintiff was exposed. In other words, the injured employee must be using a product manufactured by the employer for sale to the general public, *in a manner in which the general public could be expected to use it.* (*Shields* v. *County of San Diego* (1984) 155 Cal.App.3d 103, 110 [202 Cal.Rptr. 30]; *Nicewarner* v. *Kaiser Steel Corp.* (1983) 143 Cal.App.3d 31, 40 [191 Cal.Rptr. 522].) Furthermore, if the product in question is in an unfinished state or requires further processing before becoming available for sale, the dual capacity doctrine is inapplicable. (*Bibby* v. *Central Industrial Engineering Co., Inc.* (1984) 153 Cal.App.3d 871, 875-877 [200 Cal.Rptr. 412].)

Plaintiff urges that defendant is liable as a manufacturer or builder of a defective condominium, but the argument is unpersuasive. It is undisputed that when plaintiff was injured, the condominiums were under construction. Plaintiff was not using the condominium as would an ultimate user of the product, and his risk was obviously not the same as that to which the public would be exposed in the case of a completed product.

Next, plaintiff argues that defendant was also the owner and developer of the condominium project, and as such owed a duty to others to manage the property in a way to avoid harm to others. However, the dual capacity doctrine was not applicable to a defendant employer's concurrent role as an owner or occupier of land. (*Royster* v. *Montanez, supra,* 134 Cal.App.3d at p. 368.) Creating dual capacity liability based on an employer's ownership of the premises would not impose any greater obligation to provide a safe place of work than already exists because of his or her role as employer.

(*Id.,* at pp. 370-372; see also *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758] [workers' compensation is sole remedy against employee injured as result of employer's deliberate failure to assure that physical environment of workplace is safe]; 2A Larson, Workmen's Compensation Law (1983) § 72.82, p. 14-234 ["It is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common-law obligations of landowners or on statutes such as safe place statutes or structural work acts."].)

■ In an effort to avoid the unambiguous holding of *Royster,* plaintiff points to deposition testimony by defendant Horner stating that he owned the land and the condominium project with another individual, T. A. Peroli, in a partnership, Crystal Investments, and that the deed to the land was either in the name of the partnership or in both their names. Plaintiff reasons: (1) he was not an employee of the partnership, and could have sued the partnership for negligence; (2) therefore he should also be able to sue Horner in his "dual capacity" as a Crystal Investments partner, because a partner can be sued individually for the partnership's actions.

Plaintiff relies on *Dorado* v. *Knudsen Corp.* (1980) 103 Cal.App.3d 605 [163 Cal.Rptr. 477], in support of this theory, but his reliance is misplaced. In that case, the injured plaintiff was an employee of Todds Food Company, a limited partnership, of which Knudsen Corporation was general and managing partner. In plaintiff's personal injury action, summary judgment was granted for defendant Knudsen on the ground that as a member of the partnership, Knudsen was plaintiff's employer and workers' compensation his sole remedy. (*Id.,* at pp. 607-609.) The reviewing court reversed, holding that there were triable issues of fact as to whether plaintiff was injured by Knudsen's activities in its dual capacity as seller and supplier of dairy products in defective crates to Todds. (*Id.,* at pp. 610-614.)

*Dorado* does support the general proposition that one partner can have dual capacities in relationship to partnership employees, i.e., as employer and manufacturer or supplier. The case is of no help to plaintiff in the instant case, however, as it does not alter the rule that the dual capacity doctrine is inapplicable to an employer's concurrent role as owner or occupier of land. (See *Royster* v. *Montanez, supra,* 134 Cal.App.3d at p. 368.)

In effect, plaintiff's argument is that Horner the partner is a separate legal entity from Horner the employer. The imposition of tort liability on an employer based on the dual capacity doctrine is to be distinguished from its imposition on a legal entity separate and distinct from the employer. (See, e.g., *Lyon* v. *Barrett* (1982) 89 N.J. 294 [445 A.2d 1153, 30 A.L.R.4th

940] [employee of corporation may bring tort action against corporation's sole shareholder, who is also the corporation's landlord]; see Annot. (1984) 30 A.L.R.4th 949, 952, § 3[b] and cases cited therein; see also 2A Larson, Law of Workmen's Compensation, *supra*, § 72.80, pp. 14-229—14-230 [suggesting replacement of dual capacity doctrine with "dual persona doctrine"].) Whatever its applicability in other partnership situations may be, the separate legal entity theory of liability is inapplicable to the facts of this case. It is true that the liability of partners for torts is joint and several and that an action may be brought against one partner without joining the others. (6 Witkin, Summary of Cal. Law (8th ed. 1974) Partnership, § 38, p. 4286.) In this case, however, plaintiff's action has always been only against Horner as an individual, for his own acts of negligence. Plaintiff has not argued that his theory of liability against Horner is based on Horner's liability for the acts of anyone other than himself. There are no such allegations in his complaint and nothing in the record to indicate he ever sought to amend with such allegations. Under the circumstances, the fact that Horner may have owned the land in a partnership was of no significance.

The trial court correctly concluded that the dual capacity doctrine was inapplicable to the undisputed facts of this case.

Judgment is affirmed.

White, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 5, 1987.