[No. A038342. First Dist., Div. Four. July 23, 1987.]

CAMPOS FOOD FAIR, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
JEROME RAPOZA et al., Real Parties in Interest.

COUNSEL

Robert M. Shannon and Mackenroth, Seley & Anwyl for Petitioner.

No appearance for Respondent.

Richard F. Mills for Real Parties in Interest.

## OPINION

**ANDERSON, P. J.**—Petitioner Campos Food Fair has filed a timely challenge to an order denying its motion for summary judgment. (Code Civ. Proc., § 437c, subd. (b).) We agree that the motion should be granted.

Jerome Rapoza and Jennifer Rapoza, real parties in interest herein, filed an action against petitioner arising out of an injury to Mr. Rapoza which occurred when he was servicing refrigeration equipment on the roof of petitioner's premises. Real parties allege that petitioner maintained unsafe premises and petitioner takes the position that Mr. Rapoza's negligence was the sole cause of his injury.

Petitioner noticed a motion for summary judgment on the ground that real parties' exclusive remedy is under workers' compensation. In support of the motion, petitioner offered evidence that at the time of the injury Mr. Rapoza was employed by Jerry's Refrigeration and that neither Mr. Rapoza nor Jerry's Refrigeration had a contractor's license. Petitioner cited *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380 [232 Cal.Rptr. 660] in which the court held that an unlicensed contractor cannot be an independent contractor for purposes of workers' compensation but he and his employees are employees as a matter of law of the person hiring the work done. They cannot maintain a civil action for damages at the workplace but must resort to the exclusive remedy of workers' compensation.

In response to the motion for summary judgment, real parties pointed out that at the time the complaint was filed, the case of *Blew* v. *Horner* had not been decided. They requested permission to amend the complaint to allege a cause of action pursuant to section 3706 of the Labor Code.[1] This section provides that an injured employee may bring an action at law against his employer if the "employer fails to secure the payment of compensation." Furthermore, section 3708 provides that in such an action, negligence of the employer is presumed and the usual defenses to a negligence action are not available.

In reply, petitioner argued that even if real parties were permitted to amend their complaint, it was entitled to summary judgment because it had a workers' compensation policy in full force and effect at the time Mr. Rapoza was injured. A declaration to that effect was attached to the reply.

At the hearing, real parties argued that to avoid application of section 3706, petitioner would have to show actual payment of compensation and not merely insurance coverage. On March 31, 1987, an order was filed providing in part: "The Court does not agree that the phrase 'secure the payment of compensation' is satisfied merely by the maintenance of insurance in the abstract as opposed to the maintenance of insurance specifically covering plaintiff in this action. Only the latter would satisfy the statute."

---

[1] All further statutory references herein will be to the Labor Code unless otherwise designated.

The court, citing *Blew* v. *Horner, supra,* 187 Cal.App.3d 1380, went on to grant the motion to the extent that plaintiff was found to be an employee of defendant. The motion for summary judgment was denied "because there remains a factual question of whether or not defendant has secured the payment of compensation under the workman's compensation law."

■ We conclude that the court should have granted summary judgment. Section 3700 effectively defines the term "secure the payment of compensation" by providing that the employer may accomplish this by "being insured against liability to pay compensation" or by securing "a certificate of consent to self-insure." It is not disputed that petitioner carried workers' compensation insurance. The standard workers' compensation insurance policy provides that all employees are eligible for benefits unless specifically excluded. (See Cal. Admin. Code, tit. 10, § 2264; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1987) § 21.01[4][e].) In a statutory action under section 3706, it is the *"plaintiff's* obligation to plead and prove violation of section 3700 by his [defendant employer's] failure to carry workers' compensation insurance." (*Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 99, fn. 11 [151 Cal.Rptr. 347, 587 P.2d 1160].) Thus, it clearly was not petitioner's burden here to show that the policy "specifically" covered Mr. Rapoza.

Let a peremptory writ of mandate issue directing the Solano County Superior Court to vacate its order denying the motion for summary judgment and to enter a new order granting the motion.

Channell, J., and Sabraw, J., concurred.