[No. C003066. Third Dist. Sept. 16, 1988.]

NICK HAGOPIAN DRYWALL et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and DAVID
PINSON, Respondents.

COUNSEL

Wyatt, Carrico & Pursley and Mitchell S. Burns for Petitioners.

Panattoni, Farrell & Fraulob and Lisa V. Casteel for Respondents.

OPINION

EVANS, Acting P. J.—In this proceeding we review a decision of the Workers' Compensation Appeals Board (Board) that the applicant, David Pinson, was an employee of Nick Hagopian Drywall at the time Pinson sustained a work-related injury. ▮▮▮ The questions presented are (1) whether Labor Code section 2750.5, which precludes independent contractor status for one not holding a valid contractor's license, creates an employer-employee relationship between a licensed principal contractor and one hired by an unlicensed subcontractor, and (2) assuming Labor Code section 2750.5 creates such a relationship, whether the person hired by the unlicensed subcontractor may be estopped to deny the subcontractor's independent contractor status when the subcontractor misrepresented his status to the principal contractor. We conclude that on the facts presented in this proceeding, Labor Code section 2750.5 created an employer-employee relationship between Hagopian and Pinson, and Pinson may not be estopped from claiming that relationship. Accordingly, we affirm the Board's decision.

FACTS

In June 1985, Nick Hagopian was a licensed and insured contractor, doing business as Nick Hagopian Drywall. Hagopian had a subcontract with Luchini & Walkup to do drywall hanging and taping work at the new Arco Arena. Luchini & Walkup, in turn, had the prime subcontract with the Sacramento Sports Association to do the ceiling work at the arena.

Hagopian employed about four workers and was having difficulty finding anyone willing to go onto the booms to do the arena's ceiling. Apparently, Luchini then contacted Bruce Griffin about doing some of this work for Hagopian, and Griffin, in turn, asked the applicant, David Pinson, if he would assist him. Pinson agreed, and Luchini subsequently introduced the two to Hagopian. Griffin negotiated a rate with Hagopian and requested that he be paid as an independent contractor. Hagopian was aware that he could not enter into such an arrangement unless Griffin had a contractor's

license and asked for Griffin's contractor's license number, employer identification number, and a certificate of insurance. Griffin produced a license number and an employer identification number; he apparently did not provide proof of insurance, however.

Thereafter, Griffin and Pinson commenced work on the project; Griffin submitted weekly time cards covering his and Pinson's hours, and in turn, Hagopian would issue one check, without deductions, to Griffin only. Griffin then cashed the check and paid Pinson.

While performing their services, Pinson was injured when he fell from a scaffold. Contrary to Griffin's representation to Hagopian, Griffin did not have a valid California contractor's license.

Pinson applied for workers' compensation benefits, naming Hagopian as his employer. Hagopian denied the employment status, and the matter went to a hearing. The sole issue for determination was whether Pinson was Hagopian's employee at the time of the injury. The workers' compensation judge concluded that, because Griffin was an unlicensed subcontractor, Pinson was Hagopian's employee as a matter of law at the time of the injury. Hagopian also argued that Griffin's misrepresentation of his status as a licensed contractor worked to estop Pinson from denying that Griffin was an independent contractor. The judge's decision impliedly rejected this argument. Hagopian's petition for reconsideration was denied by the Board, and this petition followed.

## DISCUSSION

## I

The first issue we address concerns the applicability of Labor Code section 2750.5,[1] which creates a rebuttable presumption that a worker who

---

[1] Section 2750.5 provides: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors: [¶] (a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for. [¶] (b) That the individual is customarily engaged in an independently established business. [¶] (c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a

performs services requiring a contractor's license is an employee rather than an independent contractor. The statute lists several factors necessary to prove independent contractor status and provides that, in addition to those factors, "any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status."[2]

█ It is established that Labor Code section 2750.5 applies to workers' compensation cases and that, regardless of the factors contained in subdivisions (a), (b), and (c), a valid contractor's license is a necessary condition of independent contractor status. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (*Meier*) (1985) 40 Cal.3d 5, 10-15 [219 Cal.Rptr. 13, 706 P.2d 1146]; *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (*Taylor*) (1983) 147 Cal.App.3d 1033, 1037-1038 [195 Cal.Rptr. 564].) █ Under the facts as they became known, Bruce Griffin, being unlicensed, was Hagopian's employee as a matter of law. Hagopian does not dispute this; his quarrel is with extending that status to Griffin's employee, David Pinson. Hagopian asserts that the issue is unsettled in California. We think not.

In *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380 [232 Cal.Rptr. 660], the court applied Labor Code section 2750.5 to hold that the injured employee of an unlicensed subcontractor was the employee of the principal contractor. █ "[A]mong the consequences which flow from a determination that a person is an employee rather than an independent contractor is that an employer-employee relationship exists between the hirer of the employee and those whom the employee has hired to do the hirer's work. On that point, the law has long been settled in this state. (See, e.g., *S. A. Gerrard Co.* v. *Industrial Acc. Com.* [(1941)] 17 Cal.2d 411 [110 P.2d 377]; *Brietigam* v.

---

specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract. [¶] In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status. [¶] For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

[2] There appears no dispute here that Griffin was performing a function or activity for which a license was required. (See Bus. & Prof. Code, § 7026.)

*Industrial Acc. Com.* [(1951)] 37 Cal.2d 849 [236 P.2d 582].) We must presume that the Legislature was aware of that law when it declared unequivocally that a person lacking the requisite license cannot be an independent contractor; we must also presume, therefore, that it intended all the consequences flowing from that declaration, including the creation of an employer-employee relationship between the ultimate hirer and the employees of the unlicensed contractor. We can only assume that the Legislature concluded that an effective workers' compensation system requires imposition of workers' compensation liability on the part of the ultimate hirer not only for injuries to the unlicensed contractor, but for the employees of the contractor as well." (187 Cal.App.3d at p. 1389.)

*Blew* was a personal injury action involving the exclusivity of the workers' compensation remedy. In *Rinaldi* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 571 [242 Cal.Rptr. 895], the court adopted the principle announced by *Blew* in the context of a workers' compensation claim, as here, for workers' compensation benefits. "[I]f the subcontractor is unlicensed, workers' compensation liability for the subcontractor's employees will be imposed on the general contractor as a matter of law." (P. 574.)

The California Supreme Court has declined to review *Blew,* and we see no reason to depart from *Blew*'s considered analysis of the question presented here. "The fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (*Meier*), *supra,* 40 Cal.3d at p. 13.)

## II

■ Hagopian contends that, even given the construction of Labor Code section 2750.5 to extend a principal contractor's workers' compensation liability to employees of unlicensed subcontractors, Pinson is estopped to deny Griffin's independent contractor status because of Griffin's affirmative misrepresentation. We disagree. ■ "Estoppel is an equitable doctrine. It will not be applied against one who is blameless." (*Ricciardi* v. *County of Los Angeles* (1953) 115 Cal.App.2d 569, 578 [252 P.2d 773].) ■ Regardless of whether the elements of an estoppel have been established here, the doctrine may not be applied against Pinson, as he was not a party to the alleged misrepresentation.

Hagopian relies on an unpublished Workers' Compensation Appeals Board decision, *Zagainoff* v. *Smyth* (1987) OAK 134259, 15 Cal. Workers' Comp. Rptr. 162-163, which applied estoppel against the employee of an

unlicensed subcontractor, stating, "Although the employees may be innocent parties, as the applicant is in this case, that fact does not justify excusing the fraudulent or actively misrepresenting unlicensed contractor from liability and extending liability to the general contractor or ultimate hirer, who would thereby become the victim of the misrepresentation or fraud." We find the cited decision an aberration. It ignores the fundamental principle, recited above, that estoppel will not be applied against an innocent party; moreover, it skews the basic policy underlying the workers' compensation law.

The decision of the Board is affirmed.

Sims, J., and Marler, J., concurred.