[No. A048504. First Dist., Div. One. Apr. 8, 1991.]

GREG FURTADO, Plaintiff and Respondent, v.
KENT SCHRIEFER, Defendant and Appellant.

**COUNSEL**

James D. Biernat for Defendant and Appellant.

Gillin, Jacobson & Ellis and Guy D. Borges for Plaintiff and Respondent.

**OPINION**

**DOSSEE, J.**—The instant appeal arises out of an action to recover damages for injuries suffered by a painter who fell while painting a house. The trial court determined that the painter, Greg Furtado, was an employee of the homeowner, Kent Schriefer, and therefore exclusive jurisdiction of the matter lay with the Workers' Compensation Appeals Board. The trial court retained jurisdiction over the matter, but stayed the proceedings so that Schriefer could challenge the order "in the appropriate fashion."

The order of the trial court is reversed and the matter remanded for further proceedings in accordance with this opinion.

*Factual and Procedural Background*

Furtado filed a civil complaint against Schriefer in Alameda County Superior Court. The complaint alleged that Furtado was hurt while he was painting Schriefer's premises in Piedmont and claimed damages under a premises liability theory. Schriefer answered and the case was set for trial. Neither the complaint nor the answer alluded to the possibility of Furtado's entitlement to workers' compensation.

Furtado filed a motion *in limine* in which he asked for a pretrial determination that he was Schriefer's employee at the time he was hurt. After the trial court allowed Furtado to amend his complaint to allege the existence of an employment relationship, Schriefer moved to dismiss the action on the ground that he had workers' compensation insurance so that workers' compensation was Furtado's exclusive remedy.

Further discussion on the motion *in limine*, both on and off the record, ensued. Finally, the court announced the following stipulations, to which the parties agreed. "One, that the plaintiff and the defendant entered into a contract providing for the plaintiff to paint the house of the defendant . . . . That the plaintiff was injured while performing that painting work; [¶] That at the time of contracting for the painting and performing the work, the plaintiff did not possess an active painting contractor's license; [¶] That the defendant had a policy of insurance providing for workers['] compensation coverage for his employees at the time of entering into the contract and the time the work was performed."

Based on these stipulated facts, the trial court concluded Furtado was an employee of Schriefer pursuant to Labor Code section 2750.5,[1] which provides that persons performing services for which a contractor's license is required shall hold a valid license as a condition of having independent contractor status. The court expressly stated it would not consider the application of section 3352, subdivision (h), which excludes from the definition of employee certain persons who worked less than 52 hours for or earned less than $100 from the employer during the 90 days preceding the injury, as the court found the provisions of section 2750.5 applied regardless of the possible factual relevance of section 3352, subdivision (h). The court noted that the parties were in conflict on the issue of how many hours the plaintiff had worked prior to his injury. Finally, the court stated it was "staying these proceedings for the plaintiff to pursue his remedy before the Workers['] Compensation Appeals Board."

---

[1] All further statutory references are to the Labor Code unless otherwise noted.

Schriefer appeals, contending the trial court's failure to apply the provisions of section 3352, subdivision (h) was error.

*Discussion*

## I. *Appealability*

■ Schriefer first states that the order of the trial court is appealable because it effectively terminated the jurisdiction of the trial court and left Furtado to pursue his remedy before the Workers' Compensation Appeals Board (hereafter, WCAB).

■ Though the trial court does not have jurisdiction to grant relief for injuries suffered within the course and scope of employment, it does have, concurrently with the WCAB, the jurisdiction to determine jurisdiction. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 82-83 [293 P.2d 18].) "Thus, if there is a final determination as to the matter of coverage (i.e., of jurisdiction) in either the [WCAB] or the superior court proceedings, such determination will be res judicata in subsequent proceedings before the other tribunal between the same parties or those privy to them." (*Id.* at p. 83; see also *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 976 [104 Cal.Rptr. 42, 500 P.2d 1386].) Once the trial court determines the injuries were suffered within the course and scope of employment, its jurisdiction terminates and the plaintiff's exclusive remedy is workers' compensation. (§§ 3600, 3601, 3602, subd. (a).)

Had the trial court simply ruled Furtado was an employee and terminated its jurisdiction, there would be no question as to the finality of its order, and no question that such an order would be appealable. The issue of appealability arises only because the trial court has purported to retain jurisdiction, apparently to preserve Furtado's action in the trial court should another court or the WCAB determine Furtado was not an employee.

■ It is the substance of a decree and not the form of a decree which determines whether it is final and appealable, or interlocutory and nonappealable. (*Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 963 [231 Cal.Rptr. 241].) " 'As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' [Citations.]" (*Ibid.*)

■ In the instant case, the trial court's order was final as there was nothing left for it to determine. The court may have mistakenly believed the WCAB could review Furtado's employment status, but as the authorities discussed above hold, the trial court's determination is res judicata and not subject to review by the WCAB. The trial court's stay of the proceedings and its attempt to retain jurisdiction were a nullity, and have no effect on the finality of the challenged order. As Schriefer argues, the order is appealable.

II. *Employment Status*

■ Schriefer contends the trial court erred when it ruled section 3352, subdivision (h) is preempted by section 2750.5. Schriefer points out that the Supreme Court, in *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 14 [219 Cal.Rptr. 13, 706 P.2d 1146], has considered the interaction of these two statutes and indicated section 2750.5 does not preempt section 3352, subdivision (h).

■ Furtado challenges Schriefer's right to raise this issue. According to Furtado, Schriefer waived his right to contest Furtado's status as an employee by not objecting to the amendment of the complaint and by raising the workers' compensation remedy as a defense.

The transcript of the hearing on Furtado's motion *in limine* shows Schriefer did not concede that Furtado was his employee. Schriefer asked the court to force Furtado to select a remedy and in that context, Schriefer stated he was willing to proceed before the WCAB if that was the remedy Furtado chose, but Schriefer also argued that he did not believe Furtado was an employee and he cited section 3352. The court noted the parties disagreed over how many hours Furtado had worked prior to his injury. Schriefer was confident that Furtado would not prevail in the trial court should Furtado choose to proceed in that forum, but Schriefer indicated he was unsure as to whether the trial court had jurisdiction to determine whether an employment relationship existed.

Schriefer did not waive his right to challenge Furtado's status as an employee and he has preserved the issue of whether section 3352, subdivision (h) should be applied to the facts of this case.

The statutes regulating workers' compensation are set forth in divisions 4 and 4.5 of the Labor Code, commencing with section 3200. For purposes of workers' compensation law, an employee is "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully

employed . . . ." (§ 3351.) ■ In addition to reciting the preceding general definition for employee, section 3351 cites specific examples of persons considered employees, including "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance, or use of the dwelling . . . and not in the course of the trade, business, profession, or occupation of the owner or occupant." (§ 3351, subd. (d).) Subdivision (d) of section 3351 encompasses situations where a homeowner hires someone to make repairs on the premises, such as a plumber or carpenter. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at p. 14.)

Section 3357 creates a presumption that any person rendering services for another, "other than as an independent contractor," is an employee, unless expressly excluded from the workers' compensation statutory scheme.[2] Among the persons expressly excluded from the definition of employee are those persons who perform services for homeowners as defined in subdivision (d) of section 3351 and have worked only a minimal number of hours (52) or earned a minimal amount of wages ($100) during the 90 days before they were injured. (§ 3352, subd. (h).)[3]

■ Section 2750.5 appears in division 3 of the Labor Code as opposed to division 4 or 4.5 which set forth the workers' compensation statutory scheme. Nonetheless, it applies in workers' compensation cases. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at p. 11.) Section 2750.5 establishes a rebuttable presumption that a person who performs work for which a contractor's license is required pursuant to chapter 9 of division 3 of the Business and Professions Code, is an employee rather than an independent contractor. Section 2750.5 specifies that for purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor.

---

[2]The definition of independent contractor appears in section 3353. That section provides: " 'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

[3]Section 3352 provides in pertinent part:
" 'Employee' excludes the following:
"
. . . . . . . . . . . . . . . . . .

"(h) Any person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury for injuries, as defined in Section 5411, or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of the disease or injury for injuries, as defined in Section 5412, or who earned less than one hundred dollars ($100) in wages from the employer during the 90 calendar days immediately preceding the date of the injury for injuries, as defined in Section 5411, or during the 90 calendar days immediately preceding the date of the last employment in an occupation exposing the employee to the hazards of the disease or injury for injuries, as defined in Section 5412."

■ Section 2750.5 lists factors that may be used to rebut the presumption of employee status, but it also provides that "any person performing any function or activity for which a license is required . . . shall hold a valid contractor's license as a condition of having independent contractor status." The meaning of this language is unambiguous—"the Legislature has unequivocally stated that the person lacking the requisite license may not be an independent contractor." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d at p. 15.)

In the present case, the parties do not dispute that Furtado was required to be licensed for the painting work he was doing for Schriefer, and that Furtado did not have the required license. Thus, pursuant to section 2750.5, Furtado cannot be an independent contractor for purposes of workers' compensation law.

It appears none of the courts that have construed section 2750.5 have had to consider the interaction of that section with the exclusions from employee status found in section 3352. (See e.g., *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325 [265 Cal.Rptr. 788]; *Nick Hagopian Drywall* v. *Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767 [251 Cal.Rptr. 455]; *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380 [232 Cal.Rptr. 660].) Because the factual situations before them did not require them to consider section 3352, these courts concluded that since an unlicensed contractor cannot be an independent contractor, the unlicensed contractor must be an employee. (See *Neighbours* v. *Buzz Oates Enterprises*, *supra*, 217 Cal.App.3d at p. 330.) However, nothing in the language of section 2750.5 mandates such a conclusion.

■ As Schriefer contends, the Supreme Court has indicated the exclusion from employee status found in section 3352, subdivision (h) applies to unlicensed contractors. In *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 40 Cal.3d 5, Meier was hired to do remodeling on a ranch house by the owner of the house. Meier, who did not have a contractor's license, was injured when he fell from a scaffold. (*Id.* at p. 8.) A workers' compensation judge determined that, pursuant to section 2750.5, the lack of a contractor's license precluded a finding that Meier was an independent contractor. (*Ibid.*) In affirming the workers' compensation award to Meier, the Supreme Court rejected the argument that the application of section 2750.5 in workers' compensation cases would place an undue burden on homeowners by subjecting them to workers' compensation when they hire unlicensed contractors. The court noted that Insurance Code section 11590 requires comprehensive personal liability insurance policies to provide workers' compensation coverage for any person defined as an employee by subdivision (d) of section 3351. (*Id.* at p. 13.) After observing that

subdivision (d) of section 3351 was sufficiently broad to encompass situations where a homeowner hires a plumber or carpenter to make repairs, the court explained: "However, subdivision (d) excepts from its coverage the provisions of subdivision (h) of section 3352. The latter section excludes certain persons from the definition of employee. Subdivision (h) excludes '[a]ny person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury . . . .' Subdivision (h) excludes from coverage as an employee the plumber or carpenter licensed or not who worked less than the required 52 hours at the residence." (*Id.* at p. 14, fn. omitted.)

As Furtado suggests, the Supreme Court's explanation of the interaction of sections 2750.5 and 3352, subdivision (h) was unnecessary to the resolution of the issues before it and therefore dicta. ■ Nevertheless, dicta from this state's highest court is persuasive, especially where the court appears to have given careful consideration to the issue while rebutting an argument advanced by the petitioner in that case. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 785, pp. 756-757.)

■ Section 2750.5 supplements the definitions of employee and independent contractor found in the workers' compensation statutory scheme. It does not purport to override those definitions. If, as the parties assume, Furtado was an unlicensed contractor performing work for which a license was required by the pertinent sections of the Business and Professions Code, Furtado cannot be an independent contractor. Presumably, he is an employee unless he is otherwise expressly excluded from the workers' compensation scheme. Schriefer raised the possibility that Furtado was not an employee under the exclusion set forth in section 3352, subdivision (h),[4] but the trial court did not resolve the factual issues presented by Schriefer's argument, based on its conclusion that section 3352, subdivision (h) was preempted by section 2750.5.

The matter is remanded to the trial court for a determination on the issue of whether Furtado is excluded from status as an employee by subdivision (h) of section 3352. If the court again finds Furtado was an employee of Schriefer, Furtado's remedy is to proceed under workers' compensation law and the court should enter a judgment stating that finding and dismissing this action. If the court finds Furtado was not Schriefer's employee, Furtado should be allowed to proceed with his personal injury action against Schriefer.[5]

---

[4] Also at issue was whether Furtado was employed in the course of Schriefer's trade, business, or profession. (§ 3351, subd. (d).)

[5] Schriefer has asked this court to direct the trial court to enter a judgment of nonsuit so that Furtado would be forced to litigate the question of his employment status before the

The order of the trial court is reversed and the matter remanded for further proceedings in accordance with this opinion. The parties shall bear their own costs on appeal.

Newsom, Acting P. J., and Stein, J., concurred.

---

WCAB. As previously discussed in this opinion, the trial court has the power to decide whether Furtado was an employee of Schriefer, and, therefore, a judgment of nonsuit would be inappropriate.