[No. B072516. Second Dist., Div. Six. Nov. 9, 1993.]

LORETTA MILLER, Plaintiff and Appellant, v.
JOHN E. KING et al., Defendants and Respondents.

**COUNSEL**

John F. Hodges and James M. Duenow for Plaintiff and Appellant.

Beach, Procter & McCarthy and Andy H. Viets for Defendants and Respondents.

**OPINION**

**GILBERT, J.—** ⬛ An employee is injured on the job. Her employer is a corporation. The owners of the property on which the corporation does its business, and where the employee was injured, all owned stock in the corporation at the time of the injury. The injured employee receives workers' compensation benefits from her corporate employer. May she also bring a legal action against the owners of the property? Yes.

Under these circumstances we hold the injured employee of the corporation is not barred by Labor Code[1] section 3602, subdivision (a) from maintaining a third party premises liability action against the property owners. We therefore reverse the judgment entered in favor of the property owners pursuant to their motion for summary judgment.

## FACTS

Loretta Miller slipped and fell at a restaurant where she was employed as a waitress. The restaurant was owned by a corporation from which she received workers' compensation benefits. Miller also brought a third party premises liability action against John and Carol King and Doug Redican as owners of the property on which the restaurant operated. The property owners sought summary judgment on the ground that, because the restaurant and premises were owned by the same parties, workers' compensation was Miller's exclusive remedy.

At the time of the accident, Doug Redican was the director and president of the corporation and owned 72 percent of the stock. His wife, Susan claimed a community property interest in his shares. John King was a director and owned 0.5 percent of the stock. His wife, Carol, claimed a community interest in his shares. The Redicans owned a one-half interest in the real property and the Kings owned the other half.[2]

The trial court granted the motion, stating that to allow the lawsuit to proceed would violate the spirit if not the letter of section 3602, subdivision (a). Miller appeals the ensuing judgment.

## DISCUSSION

Section 3600 et seq. provides that employees injured on the job are limited to recovering workers' compensation benefits with certain exceptions. For example, section 3852 permits an employee injured on the job to sue a third party.

Section 3602, subdivision (a) provides in part: "Where the conditions of compensation . . . concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the

---

[1] All statutory references are to the Labor Code unless otherwise stated.

[2] It does not appear in the record why Susan Redican was not named as a defendant in the lawsuit.

employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer."

The dual capacity doctrine typically arises when an employer assumes an obligation not normally imposed by the employer-employee relationship. (See *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 370 [184 Cal.Rptr. 560]; *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 271 [179 Cal.Rptr. 30, 637 P.2d 266].)

■ The property owners here seek protection under that portion of section 3602, subdivision (a) that bars actions at law against employers who occupy a dual capacity. The dual capacity provision bars an action at law for premises liability where the property on which the accident occurred was owned by the employer. (*Blew* v. *Horner* (1986) 187 Cal.App.3d 1380, 1391-1392 [232 Cal.Rptr. 660].) ■ But here Miller was not employed by the property owners; she was employed by a corporation. That the property owners have an interest in the stock of the corporation does not make them Miller's employers. A corporation is an entity having an existence separate from that of its shareholders. (*Union Bank* v. *Anderson* (1991) 232 Cal.App.3d 941, 949 [283 Cal.Rptr. 823].)

The property owners' reliance on *Blew* v. *Horner, supra,* is misplaced. Blew sued his employer, Horner, in Horner's capacity as an owner and occupier of the land on which Blew was injured. In an effort to avoid the bar of dual capacity, Blew pointed out that Horner owned the property in partnership with another. The court held that whatever the status of a partnership as a separate legal entity, the separate legal entity theory did not apply because Horner was sued as an individual.

Far from supporting the property owner's position, *Blew* recognized that, "The imposition of tort liability on an employer based on the dual capacity doctrine is to be distinguished from its imposition on a legal entity separate and distinct from the employer." (*Blew* v. *Horner, supra,* 187 Cal.App.3d 1380, 1392, citing *Lyon* v. *Barrett* (1982) 89 N.J. 294 [445 A.2d 1153, 30 A.L.R.4th 940] for the proposition that an employee of a corporation may bring a tort action against a corporation's sole shareholder who is also the corporation's landlord.)

Conceding there is some authority from other jurisdictions to support Miller's position (see, e.g., *Lyon* v. *Barrett, supra,* 89 N.J. 294 [445 A.2d 1153, 30 A.L.R.4th 940]), the property owners urge that we adopt the position taken by courts in New York, Indiana and Georgia. But a review of the authorities relied on by the property owners shows that their reliance is misplaced.

In *Roll* v. *Murphy* (1991) 174 A.D.2d 1030 [572 N.Y.S.2d 193] the land owner was the sole stockholder, president and chief executive officer of the corporation that employed the injured worker. The court held that a statute making workers' compensation the exclusive remedy for injuries caused by a coemployee, prohibited the injured worker from maintaining an action against the owner of the premises. Under almost identical facts, an Indiana court reached the same result by applying a similar statute. (See *Jackson* v. *Gibson* (Ind.App. 1980) 409 N.E.2d 1236.)

We need not decide here whether any of the property owners have immunity as coemployees of Miller. The property owners do not raise that issue. Instead, they are all claiming workers' compensation is the exclusive remedy against the employer's stockholders.

Finally, in *Vaughn* v. *Jernigan* (1978) 144 Ga.App. 745 [242 S.E.2d 482] a worker brought an action against a property owner alleging he was injured on the premises by a defective saw. The property owner was a director, president and stockholder of the employer corporation. The saw was installed after the corporation leased the property. The Georgia court simply held there was no tort liability because the defendant performed none of the alleged negligent acts as a property owner; it did not hold the property owner had immunity from tort liability as a stockholder of the employer.

The judgment is reversed. Costs on appeal are awarded to Miller.

Stone (S. J.), P. J., and Yegan, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 9, 1994.